In the Matter of the Claim of VINCENT MAGNA, Respondent, against HEGEMAN HARRIS COMPANY et al., Appellants.

THE STATE INDUSTRIAL BOARD, Respondent.

(Argued November 17, 1931; decided January 5, 1932.)

*William B. Davis* and *E. C. Sherwood* for appellants. There is no proof that the claimant was totally disabled to August 15, 1928. (*Matter of Carroll* v. *Knickerbocker*

*Ice Co.*, 218 N. Y. 435; *Matter of Belcher* v. *Carthage Machine Co.*, 224 N. Y. 326; *Dunn* v. *Brooklyn R. T. Co.*, 197 App. Div. 748.)

*John J. Bennett, Jr., Attorney-General (Joseph A. McLaughlin* of counsel), for respondents. There is ample evidence to justify the award. (*Royal Indemnity Co.* v. *Heller*, 256 N. Y. 322.)

CARDOZO, Ch. J. The question in this case is solely as to the period of time during which disability continued.

A physician called by the carrier testified that on May 3, 1928, the claimant had fully recovered, and was then able to go to work.

In opposition to this the claimant produced a verified report by another physician that he had been examined on July 30, 1928, and would not be able to resume work till August 15.

The carrier demanded an opportunity to cross-examine this physician, the signer of the report. It served a subpœna, which the physician ignored, and upon proof of his default, served a second subpœna, which was ignored like the first.

Thereupon the Board declared the proceeding at an end, and made an award for the claimant fixing the term of disability as it had been stated in the report, and disregarding the testimony of the carrier's physician to the contrary.

Workmen's Compensation Law (Cons. Laws, ch. 67), section 21, as amended by Laws of 1923, chapter 568, provides as follows:

" Presumptions. In any proceeding for the enforcement of a claim for compensation under this chapter, it shall be presumed in the absence of substantial evidence to the contrary

" 1. That the claim comes within the provision of this chapter;

" 2. That sufficient notice thereof was given;

" 3. That the injury was not occasioned by the willful intention of the injured employee to bring about the injury or death of himself or of another;

" 4. That the injury did not result solely from the intoxication of the injured employee while on duty;

" 5. That the contents of verified medical and surgical reports introduced in evidence by claimants for compensation shall constitute *prima facie* evidence of fact as to the matter contained therein."

By the opening words of the section, the presumption thereby created as to the contents of a medical report exists only " in the absence of substantial evidence to the contrary." Here there was such evidence. The presumption, therefore, failed, and the burden of establishing the extent of the disability fell back upon the claimant.

The purpose of the statute is easily perceived. Not infrequently the carrier does not wish to contest the extent or nature of the injuries. In such circumstances, the claimant is permitted to make out his case in the first instance by a verified report. If, however, the carrier disputes the injury and produces substantial evidence that the report is wrong, the case ceases to be one for presumptions, and becomes a case for proof.

The injustice likely to result from a different reading of the statute has illustration in the case at hand. The physician who testified for the carrier appeared before the Board, and was subject to cross-examination. Nothing in his testimony is suspicious or improbable. None the less, his statement that the claimant had made a complete recovery by May 3, 1928, was rejected by the Board in favor of the *ex parte* statement of a physician retained by the claimant to the effect that the disability would continue into August. Why the prediction in the report was deemed to be more credible than the testimony upon the stand, the record does not tell us. In view of the fact that it came from a physician who refused to

attend and confirm what he reported, its acceptance was an arbitrary extension of the limited presumption created by the statute.

The order of the Appellate Division and the award of the State Industrial Board should be reversed, and a rehearing granted with costs against the Board to abide the event.

POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Ordered accordingly.