In the Matter of the Claim of Mary A. Boyle, Respondent, against The Yellow Taxi Corporation, Appellant. State Industrial Board, Respondent.

Hinman, J. (dissenting). The finding of the State Industrial Board that the deceased employee was not the aggressor in a fight which resulted in his death was the decisive issue in the case. There is no proof in the record as to who initiated the fight except the testimony of Liebowitz, the other participant. His story would indicate that the deceased was the aggressor and is partially confirmed by

the witness Begel. Chairman Cullen in his opinion states: " The Industrial Board is entitled to weigh the presumption against the evidence herein and decide the issue either way as a finding of fact. * * * It is our opinion that the presumption herein has not been overcome by credible evidence, and we so find." The fact could not be decided in that manner. Production of substantial evidence to the contrary overcomes the presumptions of section 21 of the Workmen's Compensation Law and leaves claimant where he has the burden to prove an accidental injury arising out of and in the course of the employment. (*Matter of Magna* v. *Hegeman Harris Co.*, 258 N. Y. 82.) If the evidence to the contrary is substantial, whether believed by the Board or not, the presumption disappears and " the case ceases to be one for presumptions, and becomes a case for proof." (*Matter of Magna* v. *Hegeman Harris Co.*, *supra*, 84.) If the Board rejected the testimony of Liebowitz, there is no testimony showing who was the aggressor or what occurred at the time the controversy arose. The Board had not then the right to find that the opposite of Liebowitz's testimony was the fact. It is undisputed that there was a fight and without evidence to sustain it the Board has found that deceased was not the aggressor. Therefore, I vote to reverse the award and to remit the claim. Van Kirk, P. J., concurs.