ROBERT FRANCIS LOCKLIN, an Infant, by FORREST ANDREW LOCKLIN, His Guardian ad Litem, Appellant, v. JAMES IRWIN FISHER, Respondent.— Motion for reargument denied. Motion for leave to appeal to the Court of Appeals denied, with ten dollars costs, on the ground the appeal may be taken as a matter of right by appellant. Present — Hill, P. J., Bliss, Heffernan, Schenck and Foster, JJ.

LAURA DOWSE HETTINGER, Respondent, v. BROTHERHOOD OF RAILROAD TRAINMEN INSURANCE DEPARTMENT (an Ohio Fraternal Benefit Association), Appellant. — Motion for reargument denied. Motion for leave to appeal to the Court of Appeals denied, with ten dollars costs. Present — Hill, P. J., Bliss, Heffernan, Schenck and Foster, JJ.

CLEVE HIGGINS, Petitioner, v. JOHN MANSFIELD, Respondent. CLEVE HIGGINS, Petitioner, v. ELON HODGES, Respondent.— Petition in each case dismissed, with ten dollars costs in each case, on the ground that the papers are wholly defective and insufficient, without prejudice, however, to a renewal of the application on proper papers, if so advised. Hill, P. J., Crapser, Heffernan, Schenck and Foster, JJ., concur.

In the Matter of the Claim of KURT TSCHAEPE, Appellant, against ALBEE GODFREY-WHALE CREEK CO., INC., and STATE INSURANCE FUND, Respondent. STATE INDUSTRIAL BOARD, Respondent.— Appeal by claimant from a decision of the State Industrial Board which denied a claim for additional disability compensation. The Industrial Board Member in his memorandum of decision stated that the entire record in cases referable to other accidents sustained by claimant had been considered and that based thereon and on the weight of medical evidence, the record sustained the determination of the Referee. Questions of fact were presented and there is ample evidence to support the State Industrial Board's finding. In the circumstances the decision of the State Industrial Board denying additional compensation to the claimant for additional disability should be affirmed. Decision affirmed, without costs. Crapser, Heffernan, Schenck and Foster, JJ., concur; Hill, P. J., dissents on the ground that there is no medical evidence on behalf of the carrier. The statement made by Dr. Kahn was without probative force in view of the testimony given by claimant's witnesses. The presumption is abrogated when the affidavit is controverted by common-law proof. (Matter of Magna v. Hegeman Harris Co., 258 N. Y. 82).