ACE MAILING SERVICE, INC., Respondent, v. JOURNAL OF COMMERCE CORPORATION, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Peck, P. J., Callahan, Van Voorhis and Breitel, JJ. [See *post*, p. 745.]

■

MORTIMER D. GOULD, Appellant, v. MEYER N. TAVLIN, Respondent.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. The second cause of action is not in *quantum meruit* as plaintiff now suggests but rests equally upon an alleged sale of an account, which constitutes the contract pleaded in the first cause of action, which was properly dismissed under the Statute of Frauds. Present — Peck, P. J., Callahan, Van Voorhis and Breitel, JJ.

■

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH CULLEN, Alias JOSEPH B. MURRAY, Appellant.— Order unanimously reversed and a hearing ordered. We are constrained to hold that a hearing is required by *People* v. *Richetti* (302 N. Y. 290); *People* v. *Guariglia* (303 N. Y. 338), and *People* v. *Langan* (303 N. Y. 474). Settle order on notice. Present — Peck, P. J., Callahan, Van Voorhis and Breitel, JJ.

■

THE PEOPLE OF THE STATE OF NEW YORK ex rel. GUARANTY TRUST COMPANY OF NEW YORK, as Trustee under the Will of ELMER E. SMATHERS, Deceased, Respondent, against WILLIAM E. BOYLAND et al., Constituting the Tax Commission of the City of New York, Appellants. [562 Fifth Ave., Borough of Manhattan.] — Order unanimously modified to fix the assessed valuation for the land for the tax year 1946–1947 at $600,000, and for the tax years 1947–1948, 1948–1949, 1949–1950 and 1950–1951 at $625,000 and, as so modified, affirmed, with $20 costs and disbursements to the appellants. The land valuations fixed herein are sustained by the evidence in the record. Settle order on notice. Present — Peck, P. J., Callahan, Van Voorhis and Breitel, JJ.

■

HIPPOLYTE MOCH, Respondent, v. ELSIE SCHREIBERSDORF, as Administratrix of the Estate of SAMUEL SCHREIBERSDORF, Deceased, et al., Appellants.— While we find most of the appellants' contentions untenable, we think that there is merit in the objection to the item of $705 charged as a withdrawal of capital, by the Referee in stating the account, and thus a deduction from the defendants' distributive share. The $705 represents payments of $15 weekly to the deceased partner in lieu of salary during his last illness. These moneys did not appear to have been a return of capital, but more properly as distribution of income or items of business expense. The surviving partner was drawing $40 a week. The drawings of partners were to have been alike. However, the illness required the hiring of an additional man, and there was an adjustment by allowing the ill partner to draw $15. In any event, as the account is opened with the cash on hand or in bank at the time of the death of the deceased partner, the said balance would presumably have been increased by the $705, if that sum had not been paid to the decedent in his lifetime. Judgment unanimously modified by increasing the defendants' distributive share to $1,015.28 and, as so modified, affirmed, with costs to the appellants. Settle order on notice. Present — Peck, P. J., Callahan, Van Voorhis and Breitel, JJ.