THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WOODROW HENDRICKS, Appellant.

Argued March 4, 1955; decided May 26, 1955.

*Jay Cox O'Brien* and *Thomas F. Burke, Jr.,* for appellant. I. There was no hearing on appellant's application for a writ of error *coram nobis.* The purported " hearing " held by the Albany County Court did not satisfy the traditional concept of what constitutes a " hearing " or " trial " and, therefore, appellant was denied his constitutional right to a hearing on the questions of fact raised by his sworn allegations. (*Matter of Lyons* v. *Goldstein,* 290 N. Y. 19; *Rice* v. *Olson,* 324 U. S. 786; *Walker* v. *Johnston,* 312 U. S. 275; *Waley* v. *Johnston,* 316 U. S. 101; *People* v. *Richetti,* 302 N. Y. 290; *People* v. *Langan,* 303 N. Y. 474; *Matter of Morhous* v. *Supreme Court of State of N. Y.,* 293 N. Y. 131; *Palko* v. *Connecticut,* 302 U. S. 319.) II. The presumption of regularity attaching to the judgment of conviction was rebutted by appellant's evidence and the People failed as a matter of law to meet the burden of proof cast upon them when the presumption was met by appellant's evidence. (*People* v. *Richetti,* 302 N. Y. 290; *People* v. *Langan,* 303 N. Y. 474.)

*Russell G. Hunt, District Attorney* (*James W. Dolan* of counsel), for respondent. I. The proceedings below were regular, defendant failed to show by clear and convincing proof that he was denied or deprived of his constitutional or statutory rights, and his motion was properly denied. (*People* v. *Richetti,* 302 N. Y. 290; *People* v. *Varelli,* 277 App. Div. 887; *People* v. *Barber,* 276 App. Div. 1040; *Matter of Bojinoff* v. *People,* 299 N. Y. 145; *People* v. *Corso,* 277 App. Div. 990.) II. No formal hearing was necessary.

Van Voorhis, J. This is an appeal from the order of the Appellate Division, Third Department, which unanimously affirmed the order of the Albany County Court denying defendant's motion in the nature of a writ of error *coram nobis.*

The basis for defendant's contention is that he was not represented by counsel when he pleaded guilty, as a second offender, to the crime of robbery in the first degree, and that he was not

represented by counsel when he was sentenced by the County Court.

Defendant was indicted on January 18, 1939. On the same day he pleaded not guilty. The official stenographer's minutes of the various proceedings show that on the day of defendant's arraignment, the County Judge asked defendant whether he desired counsel, that defendant answered in the affirmative and that the proceedings were adjourned until January 24, 1939. More adjournments followed. The minutes of the subsequent proceedings reveal the following: On February 23, 1939, the case was continued. One Pierce J. Ryan, Esq., appeared for the defendant and the District Attorney informed the court that defendant had been convicted in 1931 of attempted grand larceny and sentenced to Elmira. Defendant withdrew his plea of not guilty to the indictment of robbery in the first degree and pleaded guilty to that crime. Defendant's pedigree was recorded. Sentence was deferred to February 27, 1939.

On February 27, 1939, the case was resumed. Pierce J. Ryan, Esq., appeared for the defendant. Defendant admitted that he had been convicted in 1931 in the Court of General Sessions of the County of New York of attempted grand larceny in the second degree and sentenced to the Elmira Reformatory. Thereupon, the County Judge sentenced the defendant as a second offender for a term of thirty to sixty years.

By a "Notice of Assignment" dated February 21, 1939, addressed by the District Attorney to Pierce J. Ryan, the latter was notified that he was assigned to protect defendant's interests. This was acknowledged as received, as follows:

> "Rec'd Feb. 21, 1939.
> (Sgd) PIERCE J. RYAN,
> Atty. for def."

A notice of trial for February 23, 1939, was addressed to Pierce J. Ryan. At the bottom of this notice, the following appears:

> "Personal service of the above Notice of Trial is admitted this 21 day of February 1939
> (Sgd) PIERCE J. RYAN
> *Attorney for Defendant.*"

The court clerk's minute book entries (designated by defendant as the clerk's minutes) show that " *John J.* Ryan Attorney " appeared for defendant on January 18, 1939, at the time of arraignment and the defendant pleaded not guilty; that on February 8, 1939, " *John J.* Ryan Attorney " appeared for the defendant and the defendant pleaded guilty and that on the day of sentence, February 27, 1939, " *John J.* Ryan Attorney " again appeared for the defendant (italics supplied).

John J. Ryan, in an affidavit, denied that he had ever represented the defendant.

Pierce J. Ryan, in an affidavit, states that " he has no present recollection that he at any time represented * * * [the defendant] in the year 1939, or at any other time " and that he has no records which would indicate that he had ever represented the defendant.

In denying the defendant's petition, the County Judge said: " Although the aforesaid *John J. Ryan* affirmatively states that he did not represent this Defendant in 1939, *Pierce J. Ryan* merely states that he does not have any ' present recollection ' of representing said Defendant. The records are sufficiently clear to lead to the inescapable conclusion that the Defendant was represented by *Pierce J. Ryan* and that the minutes referring to *John J. Ryan* were merely a clerical error. There is, therefore, no basis for Defendant's contention that he was not represented at the time of his conviction." (Italics supplied.)

The defendant contends that he had overcome the presumption of regularity attaching to the judgment and that to deny him a trial or a hearing deprived him of his constitutional rights, citing *People* v. *Richetti* (302 N. Y. 290). In the *Richetti* case (*supra*), the defendant pleaded that he did not know and was not told that he was entitled to counsel. The opposing papers consisted of the affidavits of the court stenographer and a probation officer, neither of whom remembered the proceedings in 1922 when the defendant was convicted, but each swore that it was the unvarying custom of the County Judge, who had since died, to inform every defendant of his right to counsel. The minutes of the stenographer had been destroyed. No records were available other than the probation officer's report, which indicated that the defendant had not been represented by counsel.

In the present proceedings, the official stenographic minutes indicate that the defendant was represented by *Pierce J. Ryan,* an attorney, from the day the defendant changed his not guilty plea to a guilty plea and including the day sentence was imposed.

In *People* v. *Langan* (303 N. Y. 474), the defendant in 1950 applied for a writ of error *coram nobis* demanding that the court vacate his conviction in 1930 on the ground that he had not been then advised of his right to counsel and that he was not represented by counsel. The District Attorney filed an unverified memorandum in opposition to the motion, wherein he declared that the petitioner had not been deprived of his constitutional rights, that the notations on the indictment indicated that he had been represented by counsel, and that the mere statement of the defendant, made almost twenty years after the event, could not overcome the inference raised by the presumption of regularity attaching to every final judgment. In the *Langan* case (*supra*) there was no formal notice of appearance by an attorney, who represented the defendant in 1930. There was no evidence supporting the unverified statement by the District Attorney that the defendant had been represented by counsel. There was no support for the statement that the minutes of the sentence showed that an attorney appeared for the defendant. The attorney who represented the codefendant made some inconclusive statement to the court to the effect that his representation of the codefendant indicated that he also appeared for the petitioner-defendant. Judge Lewis, writing for the court, said at page 480: " In view of the failure by the District Attorney in the present proceeding either to come forward with a verified statement of facts, or to furnish unquestionable documentary proof which served conclusively to refute the factual statements contained in papers submitted by petitioner, we think the presumption of regularity, invoked by the District Attorney, was overcome by the factual statements in petitioner's motion papers." A hearing was ordered.

The case of *People* v. *Corso* (277 App. Div. 990, motion for leave to appeal dismissed 301 N. Y. 816) is an almost identical case on the facts. The Appellate Division, Second Department, held that the County Court was not required to grant a hearing to the defendant. The defendant and two codefendants were indicted for robbery in 1930. Defendant first pleaded not guilty

and then changed his plea to guilty. The codefendants were represented by their own attorneys. The notations on the indictment, as well as the trial sheet of the District Attorney, showed that the defendant had been represented by counsel. The name of the defendant's attorney had been misspelled in the records. This attorney stated in his affidavit that he had no recollection or records of the case or of the defendant, and that it was his custom to destroy his records every eight or ten years. The Appellate Division said, citing the *Richetti* case (*supra*), that nothing in the affidavits nor in any of the papers submitted by the defendant overcame the presumption of regularity attending the judgment of conviction or the records of the court and of the District Attorney's office.

In the present proceedings, the stenographic records have been certified by the court stenographer as a true and accurate record of the proceedings. In view of the stenographer's certificate, and under the circumstances of this case, it would seem that greater weight should be given to his record than to the clerk's minutes. The stenographic minutes indicate that Pierce J. Ryan represented the defendant at the time he changed his plea of not guilty to guilty, that at the defendant's request counsel was assigned to him and that Pierce J. Ryan appeared on the day the defendant was sentenced. Pierce J. Ryan does not deny, in his affidavit, that he represented the defendant. He states that " he has no recollection " that he had ever represented the defendant. The affidavit of Pierce J. Ryan does not, in view of the absence of categorical denial by him that he represented the defendant, minimize the presumption of regularity which attaches to the judgment of conviction. The certified stenographic minutes of the proceedings in the County Court are unquestionable documentary proof which conclusively refutes the assertion made by the defendant that he was neither asked if he desired counsel nor had counsel been assigned to him. In *Matter of Bojinoff* v. *People* (299 N. Y. 145, 150, 151), this court held that under the presumption of regularity attending convictions, in the absence of credible evidence to the contrary, it may not be gainsaid that the appellant was properly advised at the time of the acceptance of his plea of guilty and his conviction.

The District Attorney offered affirmative evidence in the form of the stenographic minutes to show that the defendant was advised as to his right to counsel and was represented by counsel.

The order of the Appellate Division should be affirmed.

DESMOND, J. (dissenting). It is settled law that when a petition sets forth grounds for *coram nobis* relief, due process requires a trial of such allegations unless they are " conclusively refuted by unquestionable documentary proof " (*People* v. *Richetti*, 302 N. Y. 290, 296; *People* v. *Langan*, 303 N. Y. 474, 477).

It is impossible, as it seems to me, to hold that anything is " conclusively demonstrated " by records which exhibit nothing but total confusion, and when there is serious and material inconsistency between two sets of " official " documents. For instance, the clerk's minutes as printed in the record, note on January 18, February 8 and February 27, 1939, the same entry: " Woodrow Hendricks John J. Ryan, Attorney " (with nothing to indicate what, if anything, John J. Ryan did or said on any of those occasions). The stenographer's minutes, on the contrary, show that on January 18th, defendant Woodrow Hendricks appeared " in Person ". The stenographer's minutes show Pierce J. Ryan as having appeared for the defendant on February 23d and February 27th, whereas the clerk's minutes seem to have no entry at all for February 23d, and say that on February 27th, the date of sentence, John J. Ryan appeared for the defendant. Even in the stenographer's minutes of February 23d and February 27th, those being, respectively, the occasion on which defendant pleaded guilty and answered various questions, and the occasion on which he was sentenced and had a colloquy with the court, there is no mention of attorney Pierce J. Ryan having said a word (something quite remarkable, it would seem). To add to the confusion, while the clerk's minutes show defendant's original appearance and plea of not guilty as having been made on January 18, 1939, the certified photostat copy of minutes furnished us seems to say that this took place on January 17, 1939, and in those latter minutes, instead of a notice of an appearance by John J. Ryan, attorney, the photostat says " Atty to be assigned ". It would surely be a strong presumption of regularity that would stand up in the face of all that.

There should be a reversal and a remission for a trial of the allegations of the petition.

CONWAY, Ch. J., DYE, FULD and BURKE, JJ., concur with VAN VOORHIS, J.; DESMOND, J., dissents in an opinion in which FROESSEL, J., concurs.

Order affirmed.