Hyman Babshay, J.
This is an application in the nature of a writ of error coram nobis to vacate and set aside a judgment of conviction dated May 24, 1954 which convicted the defendant of the crime of an attempt to violate section 1751 of the Penal Law as a felony and sentenced him to a term of not less than one nor more than three years in State prison,
This application is made upon the ground that the provisions of section 480 of the Code of Criminal Procedure were not complied with at the time of sentence in that the defendant was not asked if he had any reason to show why judgment should not be pronounced against him. The records of the court indicate that the defendant was represented by counsel at the time of sentence (Clerk’s Minutes, Vol. 673, p. 59). The commitment contains the following statement: “Being asked and he having nothing to say why the judgment of law should not be pronounced against him, the Court pronounced judgment as follows.”
There is also an entry that the defendant was present with counsel, “ and arraigned for sentence pursuant to Code Crim. Pro. § 480.” In view of the foregoing, the court finds there is sufficient documentary evidence to rebut the defendant’s *107 contention. The presumption of regularity attending the judgment of this conviction has not been rebutted (Matter of Bojinoff v. People, 299 N. Y. 145; People v. Richetti, 302 N. Y. 290; People v. Langan, 303 N. Y. 474). The motion is denied without a hearing. Let the District Attorney enter an order to that effect and serve a copy of same with the notice of entry by mail addressed to the defendant in whatever institution he is presently confined. Submit order.