Hyman Barshay, J.
On October 29, 1943 the defendant, Monroe A. Williams, together with his cousin, Willie Williams, and another, was indicted for the crime of assault in the second degree. He pleaded guilty to an attempt to commit that crime, unarmed, and on March 23, 1944 he was sentenced to the New York City Penitentiary. Thereafter, he applied for a writ *197 of error coram nobis to vacate and set aside that judgment of conviction, on the ground that he was not represented by counsel either at the time he pleaded guilty or at the time of sentence. That application was denied on March 10, 1953 by the Hon. Louis Goldstein, then a Judge of this court. An appeal from that order was dismissed for lack of prosecution. A subsequent application was denied after a hearing (N. Y. L. J., March 31, 1954, p. 13, col. 2). An appeal from that order was dismissed on October 17, 1954. Two other applications for the same relief were likewise denied.
His present application presents a new issue. He now alleges that David Ginsberg, the attorney who admittedly represented his codefendant, Willie Williams, mistakenly testified at one of the previous hearings that he represented this defendant on the day of sentence. The court granted a hearing on the consent of the District Attorney and now finds that this defendant was not represented by David Ginsberg, Esq., at any stage of the proceedings; that Mr. Ginsberg’s testimony at a prior hearing that he did represent this defendant was due to a confusion of names and relationship between both defendants. The assistant prosecutor with commendable fairness, advised the court that when Mr. Ginsberg gave his testimony, he was honestly mistaken. The record of this court reveals the name of M. B. Wynne as attorney for this defendant. Mr. Wynne testified that despite the record, he has no recollection of ever having seen this defendant before or of ever representing him in any matter whatever; that there is no record in his office of his having appeared for the defendant in this case, and he does not recall that this defendant was ever a client of his. He never filed any notice of appearance for him.
After considering the court records in this case and the oral testimony given at the hearing, the court is of the opinion that the defendant has rebutted the presumption of regularity attending the judgment of conviction and the People have failed to rebut this proof by either testimony or reliable documentary evidence (Matter of Bojinoff v. People, 299 N. Y. 145; People v. Richetti, 302 N. Y. 290; People v. Langan, 303 N. Y. 474). The motion of the defendant to vacate and set aside the judgment of conviction dated March 23, 1944 is, therefore, granted. The defendant is to be produced in court for further proceedings as soon as convenient to the authorities of the institution wherein he is presently confined. Submit order.