■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRED SMITH, Appellant.— Appeal from an order of the Supreme Court of Broome County which denied, without a hearing, an application by defendant for an order in the nature of writ of error *coram nobis* to vacate a judgment of conviction. Appellant contends that he plead guilty on December 20, 1950 to an indictment charging him with the crime of rape in the second degree in violation of section 2010 of the Penal Law which failed to allege that he was "of the age of twenty-one years or over". By chapter 525 of the Laws of 1950 section 2010 was amended to make that fact an essential element of the crime of rape in the second degree and to provide that otherwise it would be a misdemeanor. His papers set forth this indictment certified by the Clerk of the County of Broome as a true and correct copy of the original. The People present a photostatic copy of an indictment on file in the office of the same Clerk which charged defendant with the same crime but which contained the further allegation that at the time of its commission, he was a person "over the age of 21 years". To this indictment respondent claims the defendant entered the plea of guilty upon which he was sentenced. Both instruments bear the same serial number; each charged defendant with the commission of the same crime on the same date with the same female; each was found by the same Grand Jury and filed on the same day. Appellant further alleges that he was advised by counsel before his plea that the crime with which he was charged was a misdemeanor. In this confused factual setting defendant was entitled to a hearing on his petition. (*People* v. *Richetti,* 302 N. Y. 290; *People* v. *Guariglia,* 303 N. Y. 338; *People* v. *Langan,* 303 N. Y. 474.) The issue presented is not whether the indictment "was faulty in that it charged two separate crimes in the same indictment" and the authorities upon which respondent relies, therefore are unavailing. Order unanimously reversed and the case remitted to Special Term for a hearing, without costs. Bergan, P. J., Coon, Gibson, Herlihy and Taylor, JJ., concur.