■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EARL SALTERS, Appellant.— Appeal by defendant from an order of the County Court of Kings County, dated October 26, 1960, denying, without hearing, his *coram nobis* application to vacate a judgment of said court, rendered October 21, 1949, convicting him, on his plea of guilty, of robbery in the third degree, and sentencing him to Elmira Reformatory. Order affirmed. No opinion. Beldock, Pette and Christ, JJ., concur; Nolan, P. J., and Kleinfeld, J., dissent and vote to reverse the order and to remit the proceeding to the County Court for a determination after a hearing, on the ground that the allegations in defendant's petition with respect to the trial court's failure to assign counsel to defend him upon his request, are not so conclusively demonstrated by the record to be false that there is no reasonable probability that they are true (cf. *People* v. *Langan,* 303 N. Y. 474, 477).

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES R. SMITH, Appellant.— Appeal by defendant from a judgment of the County Court, Westchester County, rendered November 16, 1959, convicting him, after a jury trial, of assault in the second degree (Penal Law, § 242), and sentencing him, as a second felony offender, to serve a term of 8 to 10 years. Defendant was tried upon an indictment containing a single count charging him with the commission of the crime of assault in the first degree (Penal Law § 240). Defendant contends: (1) that notwithstanding the provisions of sections 444 and 445 of the Code of Criminal Procedure and of section 610 of the Penal Law, his conviction is unauthorized inasmuch as the indictment charges assault in the first degree " with intent to kill," and such intent is not an essential element of assault in the second degree; (2) that his conviction rests upon findings of fact which were not alleged in the indictment; and (3) that there were errors in the Trial Judge's charge to the jury. Judgment affirmed. No opinion. Nolan, P. J., Beldock, Ughetta, Christ and Brennan, JJ., concur.