■ In the Matter of LOTTIE BOATWRIGHT, Respondent, v. CHARLES JONES, Also Known as CHARLES JANES, Appellant.— Order of Family Court of the State of New York, New York County, entered February 24, 1971, adjudging respondent to be the father of petitioner's child, reversed, on the law and the facts, without costs and without disbursements, and the petition dismissed. Petitioner's testimony that respondent had sexual relations with her during the critical period is both uncorroborated and contradicted by respondent. Furthermore, there is believable testimony that petitioner did have intercourse with another person about that time. In fact, it appears that the petitioner initially pointed to this other person as the father of her child. Under these circumstances, the requirement that evidence of paternity must be more than merely preponderant and should convince to the point of entire satisfaction has not been met; accordingly, the petition should be dismissed. (See *Commissioner of Public Welfare of City of New York* v. *Ryan,* 238 App. Div. 607; *Matter of Morris* v. *Canfield,* 19 A D 2d 942; *Matter of Rebmann* v. *Muldoon,* 23 A D 2d 163; *Matter of Edick* v. *Martin,* 34 A D 2d 1096.) Concur — McGivern, J. P., Kupferman, Tilzer and Eager, JJ.; Murphy, J., dissents in the following memorandum: I dissent. Petitioner testified to having lived together with respondent as man and wife during the critical period. Respondent admitted to having intercourse with petitioner two years prior to the critical period; that in the year before the critical period he did not see her; that between January and July, 1969 (the critical period) he engaged in unnatural intercourse with her but not natural; that commencing in July through November of 1969 he had intercourse with her and that after the child was born on January 1, 1970 he had intercourse with her. While there are sharp conflicts in the testimony the admissions referred to above, and the reasonable inferences drawn from such testimony, are more than sufficient to create the clear and convincing proof necessary to sustain the petition. Even though the evidence be sharply disputed it may still be entirely satisfactory and support a finding of paternity. (*Matter of Greenberg* v. *Colman,* 32 A D 2d 913, affd. 28 N Y 2d 960.) Under such a set of facts an appellate court is not justified in substituting its judgment for the judgment of the trial court who had the opportunity of seeing and observing the witnesses.