THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILFREDO MELENDEZ, Appellant.— Judgment, Supreme Court, New York County, rendered on December 14, 1971 affirmed. Concur — McGivern, Kupferman and Steuer, JJ.; Stevens, P. J., and Markewich, J., dissent in the following memorandum by Markewich, J.: The case against this defendant should not have gone to the jury; indeed, the motion to suppress the physical evidence should have been granted as to him. The arresting officers found appellant at the wheel of a car with codefendant Cruz his passenger. While defendant was looking for identifying documents, the officer scanned the inside of the vehicle, using his flashlight for the purpose. The officer observed that Cruz "appeared nervous, tense and worried" while defendant produced his license and the registration. Meanwhile, the officer had observed a brown paper bag in the rear of the car, for which, when the officer returned defendant's papers, Cruz suddenly reached. The officer got to it first, and Cruz shouted: "Be careful man, that's a bomb!" It was later ascertained that the bag did contain components of incendiary bombs. A billy was also found in the car. At no time did the defendant say or do anything to sustain an inference that he knew what was in the bag or that the billy was his. Cruz testified at the suppression hearing in exculpation of defendant, describing how he had found the bag and thrown it into the rear of the vehicle without talking to defendant about it. Though Cruz did not testify at the later trial, defendant did, relating the circumstances of how the bag came to be in the car, the story being completely consistent with the earlier testimony of Cruz. The only evidence even remotely and speculatively connecting defendant with knowledge of the bomb — and this is not unequivocal — was that defendant had said, and even this evidence was uncertain, that he was dissatisfied with society. So that the case against this defendant rests entirely upon the presumption contained in subdivision 3 of section 265.15 of the Penal Law (as here pertinent): "The presence in an automobile * * * [of any] incendiary bomb * * * [or] billy * * * is presumptive evidence of its possession by all persons occupying such automobile at the time such weapon * * * is found". I do not accept defendant's thesis that, once evidence in rebuttal of the presumption is given, the presumption is "out of the case." The evidence given by defendant did not conclusively refute the presumption. (See *People* v. *Langan,* 303 N. Y. 474.) But the test to be applied to a presumption and rebuttal evidence is still whether guilt is proven beyond a reasonable doubt. The presumption takes the place of evidence and is to be judged by the standards applicable to actual evidence. The presumption of innocence, the complete absence of evidence other than presumptive to connect defendant with the contraband, and defendant's own explanation, his credibility being unassailed (except in summation, by baseless argument), all add up to a doubt that guilt was proven. And certainly at the suppression hearing, where Cruz completely

exculpated defendant, that doubt should have been apparent. No man should be incarcerated on evidence as flimsy as has been demonstrated. That evidence is insufficient as a matter of law (CPL 470.15, subd. 3, par. [a]), and, being "not legally sufficient to establish the defendant's guilt" (subd. 4, par. [b]), the conviction based thereon should be reversed and the indictment dismissed. In the alternative, at the very least, "as a matter of discretion in the interest of justice." (subd. 6), there should be remand for a new trial because of the trial court's failure properly and specifically to instruct the jury in the charge that the burden of proof beyond a reasonable doubt continued to rest on the People as to the presumption and evidence in rebuttal thereof.