■ In the Matter of IRMA N. (ANONYMOUS), Respondent, v. CARLOS A. F. (Anonymous), Appellant.— In a paternity proceeding, the appeal is from an order of the Family Court, Kings County, dated October 25, 1973, which adjudged appellant the father of the child. Order reversed, on the law and the facts, without costs, and petition dismissed. Petitioner, who was the sole witness, testified she had sexual intercourse with appellant on four occasions between December, 1971 and February, 1972. The child was born on September 22, 1972. His birth certificate lists his family name as that of petitioner's husband's name. At the time of the birth petitioner was separated from her husband and allegedly had lived apart from him for four years. She admitted, however, that her husband came to the downstairs hallway in her apartment house on a regular basis in order to pick up his children for visitation purposes. Although petitioner's proof may have been sufficient to establish a meretricious relationship between herself and appellant, it fell far short of overcoming the presumption of legitimacy by failing to negate access by her husband during the period when conception occurred (*Matter of Mannain* v. *Lay*, 33 A D 2d 1024, affd. 27 N Y 2d 690). Petitioner's testimony was not corroborated; nor was any other witness produced by her (see *Matter of Hawthorne* v. *De Both*, 42 A D 2d, 827, 828). Against this, we have the presumption of legitimacy of the child of a married mother, which is "one of the strongest and most persuasive known to the law" (*Matter of Findlay*, 253 N. Y. 1, 7). Legitimacy "may even be presumed though the spouses are living apart if there is a fair basis for the belief that at times they may have come together" (*Matter of Findlay*, *supra*, p. 8). Given this presumption, the burden cast upon petitioner in a case such as this is substantial. The evidence of illegitimacy must be more than simply preponderant; it must be clear and convincing. Petitioner has not met that burden (see *Matter of Gray* v. *Rose*, 32 A D 2d 994, 995). Latham, Acting P. J., Shapiro, Christ, Benjamin and Munder, JJ., concur.