■ In the Matter of PATRICIA B. (ANONYMOUS), Respondent, v. ROSSARIO R. (ANONYMOUS), Appellant.— In a proceeding to establish paternity, the appeal is from (1) an order of filiation of the Family Court, Orange County, dated May 28, 1974, which declared paternity, and (2) an order of the same court, dated July 31, 1974, which denied appellant's motion for a new trial on the ground of newly discovered evidence. Order dated May 28, 1974, reversed, on the law and the facts, without costs, and proceeding dismissed. Appeal from order dated July 31, 1974 dismissed as academic, without costs. Proof of paternity was not established by clear and convincing proof. Martuscello, Acting P. J., Latham, Shapiro, Benjamin and Munder, JJ., concur.

■ In the Matter of PAUL PASARIC, Petitioner, v. BOARD OF EDUCATION, UNION FREE SCHOOL DISTRICT No. 8 (ROOSEVELT), TOWN OF HEMPSTEAD et al., Respondents.— Proceeding pursuant to article 78 of the CPLR inter alia to annul a determination dated February 25, 1973 and a supplemental determination dated July 3, 1973, both made by respondent Hearing Officer Max M. Doner, which, after hearings, found that petitioner, an employee of the respondent school district, had participated in a strike. Determinations reversed, on the law, with costs, and respondent Board of Education is directed to refund to petitioner the amount of money deducted from his salary pursuant to section 210 (subd. 2, par. [g]) of the Civil Service Law. The statutory presumption (Civil Service Law, § 210, subd. 2, par. [b]) that petitioner was absent by reason of the strike was overcome by the uncontradicted documentary proof of his illness and the testimony of the doctor whom he produced at the supplemental hearing. Martuscello, Acting P. J., Shapiro and Munder, JJ., concur; Latham and Benjamin, JJ., dissent and vote to dismiss the proceeding and confirm the determinations on the ground that there was a rational basis for the determinations (Matter of Pell v. Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale and Mamaroneck, 34 N Y 2d 222).

■ JULES RABIN ASSOCIATES, INC., et al., Respondents, v. OWEN E. LANDON, Jr., et al., Appellants.— In a libel action, defendants appeal from an order of the Supreme Court, Nassau County, dated July 12, 1974, which denied their motion for summary judgment. Order reversed, on the law, with $20 costs and disbursements, and motion granted. The papers fail to show any evidentiary facts to overcome the qualified privilege inherent in the writing in issue. Latham, Shapiro, Benjamin and Munder, JJ., concur; Martuscello, Acting P. J., dissents and votes to affirm, with the following memorandum: Plaintiffs raised an issue as to whether the writing complained of was malicious.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MILDRED JAMES, Appellant.— Judgment of the Supreme Court, Queens County, rendered May 3, 1974, affirmed (People v. Broadie, 45 A D 2d 649). Martuscello, Acting P. J., Cohalan, Christ, Brennan and Benjamin, JJ., concur.