■ In the Matter of PATRICIA A. ZZ, Respondent, v WARREN A, Appellant.—Appeal from an order of the Family Court, Broome County, entered July 12, 1974, which adjudged appellant the father of petitioner's child. Petitioner testified that her sexual relationship with appellant commenced at the end of February, 1973 and extended to the first part of June, 1973, and that no means of contraception was employed. Her testimony as to the time between the first day of her last menstrual period prior to conception and the birth of the child was within an acceptable range from the normal 280-day period *(Matter of Margie L v Garry M,* 50 AD2d 1009; 2 Schatkin, Disputed Paternity Proceedings [4th ed], §§ 23.01, 23.02, 25.01 *et seq.).* Although appellant denied that he had sexual relations with petitioner until early June, 1973, after the time when a normal gestation period could have commenced, such testimony merely presented issues of fact and credibility which were resolved in favor of the petitioner by the Family Court. Rita Vining corroborated petitioner's testimony that she first dated appellant on February 7, 1973, petitioner's birthday, long before the April, 1973 date claimed by appellant as the time of their first acquaintence. Another witness for petitioner, petitioner's former stepfather and a fellow employee of appellant, also testified that the parties began dating during February, 1973. Even without corroboration, however, absent a demonstration that the petitioner's testimony was not credible, the record herein is sufficient to support the determination of the Family Court by the requisite clear and convincing degree of proof (16 NY Jur, Domestic Relations, § 508). Order affirmed, without costs. Greenblott, J. P., Main, Larkin and Reynolds, JJ., concur; Mahoney, J., dissents and votes to reverse in the following memorandum. Mahoney, J. (dissenting). I dissent. Since the blood-grouping tests of petitioner, her child and appellant failed to exclude appellant as being the father of the child (Family Ct Act, § 532) the sole issue on this appeal is whether the evidence of paternity is simply preponderate or is clear and convincing and satisfactory to support a genuine belief that appellant is the father of petitioner's child *(Matter of Beverly W. v Scott D.,* 37 AD2d 904). At trial, petitioner testified that she met appellant in early February, 1973 and had her first date with him on her birthday, February 7, 1973. Pe-

titioner contends that she and appellant had approximately 30 sexual engagements between the end of February and the first part of June, 1973 and that neither she nor appellant used any birth control devices. That petitioner met appellant in early February, 1973 was corroborated by the testimony of Rita Vining who stated that she had seen the parties together on February 7, 1973 and recalled a conversation with petitioner concerning the latter's birthday on that date and that appellant was taking her to dinner. Ms. Vining further testified that she again saw the parties together on Easter, April 22, 1973, at appellant's home and that on that occasion petitioner and appellant discussed marriage and made a reference to petitioner being pregnant. This reference to petitioner's pregnancy caused the court to inquire more specifically into this area and Ms. Vining not only reiterated the reference to pregnancy between the parties on Easter Sunday but also volunteered the information that at sometime prior to Easter petitioner had informed her that she thought she was pregnant. Since the time when petitioner became pregnant is critical, attention must be directed to the following responses of petitioner on direct examination. "Q. The best you can recall when was the onset of the last menstrual period you had before your pregnancy? A. April 9, 1973. Q. And did there come a time when you informed Mr. Slocum that you had reason to believe you were pregnant? A. Yes. Q. About when and where was that? A. We were at his house and it was the last part of May. Q. After you had missed the period you would have had in May? A. Yes. Q. What is your recollection of your conversation with him at that time? A. I told him I was pregnant." On cross-examination the following exchange took place: "Q. Now, you say that you told him you were pregnant as soon as you missed a period? A. Yes. Q. And that was in April? A. No, in May. Q. How early in May? A. My period was due the 10th. I believe it was the 12th or 13th." Clearly, in the absence of any expert medical testimony that a woman can be aware of the possibility of pregnancy prior to the first cessation of her menses, I must conclude that the testimony of Ms. Vining that petitioner, prior to Easter, informed her that she thought she was pregnant and, further, that there was a reference to pregnancy between the parties on Easter Sunday, as being probatively valueless. If we accept petitioner's testimony that she missed her menses for the first time on May 10, 1973 and relate that fact to the birth of an apparent "full term" child on January 30, 1974, I must conclude that conception occurred subsequent to April 9 and prior to May 10, 1973. Such conclusion, *a fortiori,* compels rejection of the purported corroborating evidence of Ms. Vining. The appellant denied meeting petitioner until April 15, 1973 and denies that he had any sexual relations with her until early June of that year, and then only after they had become engaged to be married. The testimony of appellant as to the date of his first meeting with the petitioner is corroborated by the testimony of Robert A. Valentine. Mr. Valentine testified that petitioner came to his home in the early part of April, 1973 and asked him to introduce her to appellant. In response to this request Mr. Valentine invited both parties to dinner at his home on or about April 15, 1973 and introduced petitioner to appellant. The appellant also denies that the petitioner informed him in May of 1973 that she was pregnant. It is his contention that he first learned of her condition after they had terminated their relationship in June and he had called her to ask why she refused to see him. The appellant also testified that petitioner admitted having sexual relations with two other men. From all of the above it is clear that petitioner must have engaged in sexual intercourse between April 9 and May 10, 1973 to account for the cessation of her

menses on the latter date and also for the running of the normal gestation period of about 280 days before the birth of the child. The petitioner's contention that she had relations with the appellant during this brief critical period is not only uncorroborated but contradicted by appellant and, further, there is the possibility that petitioner may have had relations with a male other than appellant *(Matter of Boatwright v Jones,* 37 AD2d 941). The totality of the evidence is not clear and convincing or evocative of a genuine belief that appellant is the father of petitioner's child *(Matter of Patricia B. v Rossario R.,* 46 AD2d 922; *Matter of Irma N. v Carlos A. F.,* 46 AD2d 893). Therefore, I conclude that on this record we should not impose fatherhood on the appellant. The order should be reversed.