■ PEARL E. McNEIL, Petitioner, v DONALD H. WOLLETT, as Director of Employee Relations of the State of New York, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent, dated September 9, 1977, and made after a hearing, that petitioner had

violated subdivision 1 of section 210 of the Civil Service Law (the Taylor Law). Petition granted, determination annulled, on the law, without costs or disbursements, and matter remanded to the respondent for a new hearing and determination in accordance herewith. As a result of an incident which had occurred the night before, a group of some 30 to 40 correction officers at the Bedford Hills Correctional Facility reported for their morning lineup on July 23, 1976 and determined, after some discussion with their superiors, that they would not report to their respective assigned posts for duty. Although most of the officers eventually proceeded to their duty stations some time in the afternoon, they were subsequently notified that they had engaged in a work stoppage contrary to law and were subject to the penalties prescribed by statute (Civil Service Law, § 210, subd 2). Consolidated hearings as to all correction officers involved were held in July and August, 1977, wherein the officers were given the opportunity to rebut the conclusion that they had engaged in a work stoppage. Petitioner then commenced this CPLR article 78 proceeding to review the determination that she had violated the statute. It was petitioner's contention that she had reported for duty at her assigned time and that on this particular morning she had been assigned to an in-service training class. She produced corroboration in the form of her time card and a letter from a superior officer confirming that she had been scheduled for this class. Petitioner then. stated that when she reported for duty, she was advised that the class had been canceled. Thus, she argued, she had not been in violation of subdivision 1 of section 210 of the Civil Service Law and the determination to that effect was arbitrary, capricious and without any basis in law or fact, since no evidence had been adduced at the hearing to show that she had engaged in a strike. Respondent argues that, based upon the aggregate testimony of the officers at the hearing, there was substantial evidence that the concerted action of the officers constituted a strike. Thus, petitioner's failure to perform her duties during that period created a presumption under section 210 (subd 2, par [b]) of the Civil Service Law, that she participated in it, and that she had failed to rebut this presumption. We disagree. Based upon the evidence introduced by petitioner to show that she, in fact, was assigned to an in-service training class which had been canceled that morning, we believe respondent had the burden of going forward with further proof to contradict this assertion. Respondent failed to meet that burden. Accordingly, a new hearing is required, wherein the question may be fully explored and a new determination made, based upon the evidence adduced therein. Hopkins, J. P., Damiani, Titone and O'Connor, JJ., concur.