■ In the Matter of GENE ZANER, Petitioner, v BOARD OF EDUCATION OF FARMINGDALE UNION FREE SCHOOL DISTRICT No. 22, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent, dated August 24, 1976 and made after a hearing, that found that petitioner had violated subdivision 1 of section 210 of the Civil Service Law. Determination confirmed, and proceeding dismissed, on the merits, without costs or disbursements. In choosing to remain absent from work to avoid the pressures preceding an impending strike and to avoid deciding which side to support, petitioner effectively yielded to the interests of the strikers. The distinction between remaining home in support of a strike and remaining home to avoid any commitment on the issue is one without substance, for in either case the ends of the strikers are served. Consequently, whether presumed to be engaged in the strike pursuant to section 210 (subd 2, par [b]) of the Civil Service Law or whether simply condoning the strike by his absence, petitioner was in violation of subdivision 1 of section 210 of the

Civil Service Law. Though petitioner produced the testimony of a psychologist with whom petitioner was in therapy for depression and anxiety to the effect that petitioner was placed by the strike under "additional anxiety that warranted his absence from school", the weight and credibility of that testimony were for the hearing officer to evaluate along with the presumption arising under the statute by reason of petitioner's absence (Civil Service Law, § 210, subd 2, par [b]; see note, 23 NYU L Q Rev 455, 464). The hearing officer found that petitioner had been in therapy before and during the strike, and concluded that the absence was not "involuntary". We cannot say on this record that the determination made by the hearing officer was not based on substantial evidence, or that it was arbitrary or irrational. The record, indeed, indicates that the petitioner taught while in therapy before and after the strike, and that his absence coincided with the strike. That is not to say that there are not cases where the presumption alone may not serve as a ground for the statutory sanction, e.g., where the documentary proof and medical testimony adduced by the employee establish illness which convincingly explains the employee's absence (cf. *Matter of Pasaric v Board of Educ.,* 46 AD2d 922). This is not such a case. Hopkins, J. P., Lazer and Rabin, JJ., concur.

Gibbons, J., dissents and votes to grant the petition and annul the determination, on the law, and direct the respondent board of education to refund the moneys deducted from petitioner's salary pursuant to section 210 (subd 2, par [g]) of the Civil Service Law, with the following memorandum: The question presented for resolution by the hearing officer was whether the petitioner, who concededly had been receiving psychotherapy for periodic depression and episodes of anxiety for several months prior to the strike, was rendered mentally incapable to perform his duties as a teacher during the period of the strike by reason of the added psychological stress experienced by him as a result of his fears in anticipation of and those accompanying the onset of the strike, or whether the petitioner's absence from school was voluntary on his part and wholly without the existence of any medical or psychological basis for his alleged incapacity to perform his teaching duties during the interval. At the hearing, the petitioner testified that the anxiety engendered by the strike so exacerbated his already stressed mental condition as to be disabling. His illness was such as to require the services of a medical doctor who, on May 4, 1976, prescribed medication to enable petitioner to sleep. His treating psychologist testified concerning the ongoing treatment he had given to the petitioner and gave his professional opinion that the petitioner's physical and mental condition at the time of his absence was such that he could not perform his teaching duties. This evidence on the part of the petitioner tended to refute the rebuttable presumption created by section 210 (subd 2, par [b]) of the Civil Service Law, that his absence during the strike was without permission within the meaning of that part of the statute; and it was then incumbent upon the respondent school board to come forward with such proof as might overcome such evidence. This it failed to do and this permitted the petitioner's case to remain unchallenged. After the party opposing the presumption comes forward with refuting evidence, the case becomes one which requires the submission of proof by the party for whose benefit the presumption was created. This rule is stated in Richardson, Evidence ([Prince, 10th ed], § 58, p 36): "As a general rule, the effect of a presumption is to place the burden upon the adversary to come forward with evidence to rebut the presumption; that is, to negative the existence of the presumed fact. Once the adversary introduces sufficient evidence to the contrary, the presumption

disappears from the trial. People v. Langan,303 N. Y. 474, 480, 104 N. E. 2d 861, 864; St. Andrassy v. Mooney, 262 N. Y. 368, 186 N. E. 867. The *'case ceases to be one for presumptions, and becomes a case for proof.'* Matter of Magna v. Hegeman Harris Co., 258 N. Y. 82, 84, 179 N. E. 266, 267." (Emphasis added.) In the absence of any other medical or psychological expert opinion evidence to the effect that the petitioner's absence was *not* occasioned by a physical or mental inability to perform his teaching duties, but rather was due to his own voluntary act, not so related to any mental or physical debilitation, and since the record is wholly barren of any expert opinion evidence contrary to that received on behalf of the petitioner, I must conclude that there is not substantial evidence here to support the hearing officer's determination that petitioner's absence was not due to a disabling mental condition. The issue presented was one which required a finding based on medical or psychological opinion evidence. Concededly, the hearing officer was not professionally trained in these fields, and, under such circumstances, his fact-finding process, including the issue of credibility of the expert witness, could only be made on the basis of other professional opinion evidence. The hearing officer may not substitute his own opinion for such purpose, and, under the posture of the proof in this matter and as stated in *McNeil v Wollett* (67 AD2d 699, 700), the "respondent had the burden of going forward with further proof to contradict this assertion" concerning petitioner's disabling mental condition. In *Matter of Pasaric v Board of Educ.* (46 AD2d 922), this court, in annulling a determination in a similar proceeding, held: "The statutory presumption (Civil Service Law, § 210, subd. 2, par. [b]) that petitioner was absent by reason of the strike was overcome by the *uncontradicted* documentary proof of his illness and the *testimony of the doctor* whom he produced at the supplemental hearing." (Emphasis added.) The rule expressed in the *Pasaric* case has particular application to the instant matter, and I cannot subscribe to the statement of the majority that *Pasaric,* being unlike the instant matter, was a case where "the presumption alone may not serve as a ground for the statutory sanction". The determination was annulled in *Pasaric* for the same reason that it should be set aside in this case, and that is because the expert medical testimony was permitted to remain *uncontradicted.* (See, also, *Matter of Zacchi v Savitt,* 46 AD2d 788, where this court upheld the annulment of a similar determination for the reason that the presumption "was amply refuted by him [petitioner]. There was absolutely no evidence offered to the contrary. Hence, the determination under review was arbitrary and capricious and was properly annulled.") The determination herein must be annulled specifically for the reason that the respondent school board failed to meet the issue by not producing independent medical or psychological expert opinion evidence to show that the petitioner's absence during the strike was not related to a disabling mental condition. Under any circumstances, it may not be said that disability by reason of mental incapacity to perform must be treated differently from physical incapacity, for to do so would accord greater consideration to the physically ill than to the emotionally ill. Moreover, the hearing officer demonstrated a generally negative attitude toward the testimony of psychologists as evidenced by his remark, "I know a few psychologists who should go to see psychiatrists".