■ FRAN GREENBERG, Respondent, v. MARK COLMAN, Appellant.— Order of filiation of the Family Court, entered December 4, 1968, declaring the respondent Mark Colman to be the father of a child born out of wedlock on

July 2, 1968, to the petitioner, Fran Greenberg, affirmed, without costs or disbursements. The record, in its entirety is sufficient to justify a finding that by the evidence there was created in the mind of the trier of the facts a genuine belief that the defendant was the father of the subject child. (*Matter of Commissioner of Welfare* v. *Wendtland,* 25 A D 2d 640; *Matter of Lasda* v. *Abbess,* 30 A D 2d 1040; *Commissioner of Public Welfare* v. *Ryan,* 238 App. Div. 607.) The record is sufficiently detailed to sustain the following findings, adequate to support the order on appeal: that the parties first met on October 3, 1967; at that time the respondent was married, but separated from his wife; that an act of intercourse between the parties took place on October 8, 1967, or about the 15th day subsequent to the petitioner's last menstrual period; that about seven weeks later, the petitioner informed the respondent of her pregnancy, that the subject of abortion was raised, but not pursued; that although the respondent did not acknowledge paternity, about a week later, he did accompany the petitioner to the residence of a local Rabbi, and there the subjects of marriage, adoption and expenses were discussed, although inconclusively; that on the occasion of a second meeting at the Rabbi's residence, the respondent was accompanied by a friend, who at the trial, did not testify; that the over-all record is consistent with the respondent's responsibility and entirely satisfactory to sustain the order of filiation. Concur — Eager, J. P., McGivern, Markewich and McNally, JJ.; Nunez, J., dissents in the following memorandum: I dissent and vote to reverse the order of filiation and dismiss the petition. Respondent-appellant has been adjudged the father of a boy born to petitioner on July 2, 1968. The finding is based solely upon petitioner's uncorroborated and, in many respects, contradictory testimony. She is 26 years old. She testified that she began dating and going out with men at the age of 16, and that although she had never had sexual intercourse with anyone else, on her first date with respondent they were intimate half an hour after meeting on their first and last date. In this age of generalized sexual permissiveness, petitioner's testimony to one single act of sexual intimacy in her entire life seems to me to be highly improbable. Respondent, a young law student, denied having had intercourse with the petitioner. He testified that he agreed to accompany petitioner to a Rabbi to discuss the matter, a fact which seems to have carried great weight with the majority, only after she had threatened him with a "rapist attorney." Charges of this character are much more difficult to disprove than to assert (*Matter of Hawthorne* v. *Edward S.,* 31 A D 2d 426; *Matter of Rebmann* v. *Muldoon,* 23 A D 2d 163; *Burke* v. *Burpo,* 75 Hun 568) and, as a consequence, an evidentiary rule has been evolved requiring "entirely satisfactory evidence," which means evidence sufficient to create a genuine belief that the respondent is the father of the child, a belief which is supported by more than a mere preponderance of the evidence, though not necessarily sufficient to overcome any reasonable doubt. (*Matter of Hawthorne* v. *Edward S., supra; Commissioner of Public Welfare of City of N. Y.* v. *Ryan,* 238 App. Div. 607; *Matter of Morris* v. *Canfield,* 19 A D 2d 942; *Erie County Board of Social Welfare* v. *Holiday,* 14 A D 2d 832.) The evidence in this case, far from being "entirely satisfactory", is completely insufficient to sustain the allegations against respondent.