■ In the Matter of the Claim of ARTHUR PIETZ, Appellant, v. ROBERT LEGEWITT et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent. — MEMORANDUM BY THE COURT. Appeal by the claimant from a decision of the Workmen's Compensation Board, filed August 2, 1965, and from a further decision thereof filed July 20, 1967 reaffirming the prior decision. The record contained substantial evidence to support the finding of the board that the alleged employer was neither a general contractor nor a general or special employer of the claimant. The issue was one of fact for the board. (See *Matter of Grefe* v. *Tractor Rentals,* 30 A D 2d 747, mot. for lv. to app. den. 22 N Y 2d 646.) Decisions affirmed, without costs. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Sweeney, JJ., concur in memorandum by the court.

■ In the Matter of PATRICIA "E", Respondent, v. CLAUDE "F", Appellant.— STALEY, JR., J. Appeal from an order of the Family Court, Delaware County, entered April 23, 1969, which adjudged appellant to be the father of petitioner's child. Petitioner's child was born on November 5, 1968. Petitioner-respondent testified to numerous acts of intercourse between the parties. Their testimony differs in that she testified that the last act of intercourse occurred on February 4, 1968, and he testified that it occurred on December 26, 1967. He admitted, however, that after December 26, 1967 he continued to see petitioner about three days a week until the first week in May, 1968. Both parties testified that contraceptives were not used. Respondent's mother corroborated petitioner's testimony that she did not go out with any other man. Respondent made no attempt to establish a relationship between petitioner and other men. A full term baby having been born to petitioner, the issue to be resolved by the court was the date of the last act of intercourse between the parties. In evaluating the testimony the trial court accepted petitioner's version and rejected respondent's version. The trial court's evaluation of testimonial credibility is entitled to considerable weight and, in our opinion, the evidence was sufficient to convince " to the point of entire satisfaction ". (*Matter of Gray* v. *Rose,* 30 A D 2d 138, 140; cf. *Matter of Mary "A"* v. *John "B",* 32 A D 2d 1001; *Matter of Rapp* v. *Birch,* 32 A D 2d 962.) " On the record we cannot say that such determination is not supported by satisfactory competent proof nor that the determination is contrary to the weight of the credible evidence." (*Matter of Kiamos* v. *Chiladakis,* 25 A D 2d 647, 648.) Order affirmed, with costs. Reynolds, J. P., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Staley, Jr., J.

■ In the Matter of the Claim of SHIRLEY MILLER, Respondent, v. DAIRY CORPORATION OF AMERICA et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— GREENBLOTT, J. Appeal from a decision of the Workmen's Compensation Board, filed November 29, 1968. The board found that decedent on May 4, 1966 lifted a quantity of ice cream on the employer's delivery dock and " that this lifting resulted in a rupture of an aortic aneurysm and the death on May 14, 1966 " and that " death was the unavoidable result of such accidental injury." Since the record contains direct medical evidence to support the board's determination, that decision should not be disturbed. (*Matter of Herring* v. *Second Presbyt. Church,* 26 A D 2d 874.) Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Reynolds, Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Greenblott, J.