■ In the Matter of MARGIE L, Respondent, v GARY M, Appellant.— Appeal from an order of the Family Court, Otsego County, entered October 1, 1975, which adjudged appellant to be the father of petitioner's child. On a previous appeal this court reversed a finding of paternity because (1) "the possibility of access by another" had been raised and (2) no testimony had been adduced to explain an apparently short gestation period. Petitioner's delivery date was November 25, 1972, but she was induced and the child was born on November 17, 1972. During the further proceedings, Dr. Douglas Barns testified that the normal gestation period of 280 days is measured from the first day of the last menstrual period prior to conception. Petitioner testified that the date of conception was March 4, 1972 and appellant admitted to having engaged in sexual intercourse with petitioner on one occasion during late February or early March, 1972. Counting from the first day of petitioner's last menstrual period prior to the alleged date of the sexual relations, February 18, 1972, the period of gestation would have been 272 days. Although appellant produced testimony that one individual, with whom petitioner had previously had sexual relations, was seen at petitioner's February 22, 1972 birthday party, there is no evidence indicating that petitioner had sexual intercourse with him or anyone else during the time when conception could have occurred. The parties disagree over the use of a preventive device, but the trial court found that none was used. Although the date of conception was not established to a medical certainty, it is not necessary that the court make such a determination (Greenburg v Colman, 32 AD2d 913, affd 28 NY2d 960). The parties engaged in sexual intercourse at a time when, as established by expert medical testimony, conception could have taken place. Because there is no evidence that

petitioner engaged in sexual relations with anyone else during this time, paternity has been established to the point of entire satisfaction and the order should be affirmed *(Matter of Patricia E v Claude F,* 33 AD2d 870). Order affirmed, without costs. Sweeney, J. P., Kane, Main, Larkin and Reynolds, JJ., concur.