THE PEOPLE OF THE STATE OF NEW YORK ex rel. W·ALLINGTON APARTMENTS, INC., Appellant, against WILLIAM S. MILLER et al., as Commissioners of Taxes and Assessments of the City of New York, Respondents.

Argued February 26, 1942; decided April 23, 1942.

*Julius Zizmor* for appellant. The findings of value by the Appellate Division are contrary to the uncontradicted testimony and against the weight of evidence. (*People ex rel. Amalgamated Properties, Inc.,* v. *Sutton,* 274 N. Y. 309; *Boyd* v. *Boyd,* 252 N. Y. 422; *People ex rel. Manhattan Square Beresford, Inc.,* v. *Sexton,* 284 N. Y. 145; *People ex rel. Parklin Operating Corp.* v. *Miller,* 287 N. Y. 126.)

*William C. Chanler, Corporation Counsel* (*Morris Handel* and *Arthur A. Segall* of counsel), for respondents. The determination of the referee, confirmed by Special Term, disregards the defendants' testimony which fully sustains the assessments, and the determination of value is clearly against the weight of the evidence. (*People ex rel. Parklin Operating Corp.* v. *Miller,* 287 N. Y. 126.)

DESMOND, J. In this certiorari proceeding there have been reviewed the assessed valuations, for several years, of relator's apartment house in the borough of Queens, New York city. Special Term, confirming a referee's report, fixed values somewhat less than those placed on the property by the assessors. The Appellate Division, however, made new findings to the effect that the value in each year had been correctly determined by the assessors, and so dismissed the certiorari proceedings. The weight of evidence supports that determination of the Appellate Division, and the order appealed from is affirmed. There would be no need for an opinion in this case were it not for a conclusion of law in the Appel-

late Division's decision " that the relator herein has failed to overcome the presumption in favor of the correctness of the said assessments." (263 App. Div. 843.) There is danger, we think, that this statement and similar mentions in other decisions, of this presumption, may be misunderstood.

There is a presumption of sorts that the assessors' valuations are not excessive. The assessors " are sworn officers, and as such, in absence of evidence to the contrary, are presumed to have done their duty." (*People ex rel. Manhattan Ry. Co.* v. *Barker*, 146 N. Y. 304, 313.) This rule so stated is an application, almost a translation, of the ancient maxim " *omnia præsumuntur rite et solemniter esse acta donec probetur in contrarium.*" (Broom's Legal Maxims [10th ed.], p. 642; see *Wood* v. *Morehouse*, 45 N. Y. 368, 376.) The important qualifying phrase " in absence of evidence to the contrary " must not be overlooked. If the opponent does offer evidence to the contrary the presumption disappears. (5 Wigmore on Evidence [2d ed.], § 2491.) Thereupon " the case ceases to be one for presumptions, and becomes a case for proof." (CARDOZO, Ch. J., in *Matter of Magna* v. *Hegeman Harris Co.*, 258 N. Y. 82, 84, construing a statute which directs that certain facts be presumed " in the absence of substantial evidence to the contrary.")

Such a presumption is not evidence but serves in place of evidence until the opposing party comes forward with his proof, whereat it disappears. It has no weight as evidence and is never to be considered in weighing evidence. In other words, it merely obviates any necessity, on the part of the assessors, of going forward with proof of the correctness of their valuation. So understood, " the presumption of correctness " is merely another way of saying that the burden of proof in a proceeding to review an assessment is on the relator-taxpayer. On him that burden has always rested. (*People ex rel. Westchester Fire Ins. Co.* v. *Davenport*, 91 N. Y. 574, 582; *People ex rel. Burke, Ltd.*, v. *Wells*, 184 N. Y. 275, 279.)

So when we say that the burden of proof in such cases is on the relator *and* that there is a presumption that the assessment is correct, we are not saying two things, but saying the same thing twice. Once such a proceeding goes to trial and the relator goes forward with evidence, the presumption has no further place or effect of any sort in the proceedings.

The order should be affirmed, with costs. (See 288 N. Y. 672.) LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, LEWIS and CONWAY, JJ., concur.

Order affirmed.