THE PEOPLE OF THE STATE OF NEW YORK ex rel. DUNWOODIE GOLF CLUB LAND COMPANY, INC., Appellant, against ARTHUR J. McGREGOR et al., Respondents. THE PEOPLE OF THE STATE OF NEW YORK ex rel. DUNWOODIE GOLF CLUB LAND COMPANY, INC., Appellant, against TIMOTHY MURRAY et al., Respondents. THE PEOPLE OF THE STATE OF NEW YORK ex rel. DUNWOODIE GOLF CLUB LAND COMPANY, INC., Appellant, against ARTHUR J. McGREGOR et al., Respondents. (Consolidated Appeals.) Appeal by relator from a final order entered in consolidated certiorari proceedings to review assessments for purposes of taxation fixed in 1940, 1941 and 1942 for the respective subsequent years. Order modifying the report and the findings of fact and conclusions of law contained in the report of a referee and as so modified confirming such report, findings and conclusions, affirmed, with fifty dollars costs and disbursements. No opinion. Carswell, Johnston, Adel and Lewis, JJ., concur; Hagarty, Acting P. J., dissents and votes to modify the order by reducing the assessments for land to the following amounts: For 1940, $225,000; for 1941, $208,000; for 1942, $200,000; and as so modified to affirm the order with the following memorandum: It is conceded that the present use of the land is the highest available use of the property. The dominant element to be considered, therefore, is the revenue to be derived from such use, namely, a golf course. There is no showing that the property was mismanaged or improperly conducted by the relator or its tenant but, on the contrary, it was affirmatively shown that diligent efforts were and are being made to procure a maximum return. This is not a case where the revenue received does not reflect the value of the property because of indifference to profits. The relator is endeavoring to procure a maximum return to make good a serious deficit. It has not more than approxi-

mately $10,000 available for purposes of taxation. I am not in accord with the learned Special Term Justice in assuming that, despite the proof, there is a presumption of correctness in favor of the assessment by reason of its very existence. (*People ex rel. Wallington Apartments* v. *Miller,* 288 N. Y. 31.)