■ In the Matter of PENNSYLVANIA BUILDING, INC., Petitioner, against STATE TAX COMMISSION, Respondent.— This is a proceeding under article 78 of the Civil Practice Act to review a determination of the State Tax Commission which sustained the assessment of an additional franchise tax under subdivision 2 of section 182 of the Tax Law, upon petitioner's dissolution. The question involved here is whether the value of petitioner's real estate was properly determined in reaching its actual net worth. The petitioner was a real estate corporation which was legally dissolved on January 8, 1954. At that time it was the owner of a building and land in New York City which it carried on its books at a value of $2,973,612.12. In December of 1953 when the board of directors was considering selling the property or liquidating the corporation it had three separate appraisals made which found a value of $3,600,000, $3,660,000 and $3,665,000. In its tax return upon dissolution the petitioner stated the value of the real estate at its book value. The commission disregarded this value and on January 29, 1954 placed a value of $3,800,000 on the property, found an adjusted surplus of $1,374,302.97 and fixed a tax in the sum of $27,486.06. This tax was paid under protest. The value of $3,800,000 was the assessed valuation placed on the property by the City of New York. The city had originally assessed the property at $4,100,000 and the lower figure was accepted by the petitioner as a compromise. The petitioner applied for a revision and resettlement of the additional franchise tax. On February 16, 1955 an informal hearing was held at which a representative of the petitioner testified and submitted the three appraisals which had been made in December of 1953. The application was denied and a formal hearing was then held at which Mr. Watts, who had appraised the property at $3,665,000, testified as to his appraisal. The valuation of $3,800,000 was found to be correct and the tax assessment was affirmed. The petitioner's contention is that the commission erroneously accepted the assessed valuation placed on the property by the City of New York as the true value of the property in that it was a compromise figure and not binding on the petitioner and the evidence in the record demonstrates that it does not represent the true value. The commission admits that it used the assessed valuation but argues that it did so properly. The petitioner has shown that the assessed valuation of $3,800,000 was the result of a compromise between it and the City of New York. In view of the public policy in favor of out-of-court settlements such a compromise should not necessarily be binding on the petitioner here. There is a presumption that assessors' valuations are not excessive but this presumption vanishes as soon as the opposing party comes forward with proof showing their incorrectness (*People ex rel. Wallington Apts.* v. *Miller*, 288 N. Y. 31). The same rule should apply here where the assessed valuation is being used to determine the property's true value. The petitioner has introduced evidence indicating that this valuation did not represent the true value and unless there is other evidence in the record rebutting this, the determination of the commission cannot be allowed to stand, particularly since this valuation was a compromise to begin with. However, the commission has demonstrated here, from facts taken from the record and by estimating the petitioner's income for the year in which it was dissolved based on its actual income for the nine months of that year up to the time of dissolution, that the valuation of $3,800,000 was not excessive. The method used was capitalization of the net income of 8¼%. All of petitioner's appraisers considered income in their appraisals and one used the very same method. Thus it cannot be said that the commission erroneously determined

the actual net worth of the petitioner. Determination unanimously confirmed, with $50 costs. Present — Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ.