**EVANS OIL & GAS COMPANY, Appellant,**

v.

**Delmar DRAUGHN, Tax Commissioner of Knott County, Kentucky, et al., Appellees.**

Court of Appeals of Kentucky.

May 3, 1963.

Clark Pratt, Hindman, for appellant.

Dan T. Martin, County Atty., Hindman, Paul Ross, Frankfort, for appellees.

PALMORE, Judge.

For purposes of 1958 ad valorem taxes Evans Oil and Gas Company listed with the tax commissioner of Knott County 10,079 acres of oil and gas rights at $1 per acre and 5,251 acres of coal rights at $3.50 per acre, totalling $28,458. The tax commissioner increased the assessment to $4 per acre on the oil and gas rights and $5 per acre on the coal rights, totalling $76,570. On appeal to the county board of supervisors the over-all assessment was reduced to $63,771, which was sustained on subsequent appeals to the Kentucky Tax Commission and the Knott Circuit Court.

It is conceded that the burden was on the taxpayer to prove the assessment incorrect. Since it appeals from an adverse factual determination in that respect, the question here is whether, under all the evidence, the taxpayer's claim was so strongly proved that a reasonable and fair-minded trier of the facts, adhering to proper legal principles with respect to the weight

and competence of the evidence, was compelled to find in the taxpayer's favor.

■ In regard to the weight and effect of the "presumption" that the taxing authority's valuations are not excessive, we concur with the following statement from People ex rel. Wallington Apartments v. Miller, 1942, 288 N.Y. 31, 41 N.E.2d 445, 141 A.L.R. 1036:

"Such a presumption is not evidence but serves in place of evidence until the opposing party comes forward with his proof, whereat it disappears. It has no weight as evidence and is never to be considered in weighing evidence. In other words, it merely obviates any necessity, on the part of the assessors, of going forward with proof of the correctness of their valuation. So understood, 'the presumption of correctness' is merely another way of saying that the burden of proof in a proceeding to review an assessment is on the relator-taxpayer. On him that burden has always rested. * * *

"So when we say that the burden of proof in such cases is on the relator and that there is a presumption that the assessment is correct, we are not saying two things, but saying the same thing twice. Once such a proceeding goes to trial and the relator goes forward with evidence, the presumption has no further place or effect of any sort in the proceedings."

■ Without detailing the proof put on by the taxpayer, it was certainly ample to require a favorable conclusion in the absence of something to counter it. The testimony of one competent valuation witness in support of the assessment would have constituted conflicting evidence sufficient to support the finding adverse to the taxpayer. However, we do not find it in this record. It is significant that the tax commissioner (the only witness presented in behalf of the appellees) made no attempt on the witness stand to state or estimate the fair cash value of the property in question. He based his assessment entirely on the fact that other taxpayers owning what he considered to be comparable properties uniformly listed oil and gas rights at $4 per acre and coal rights at $5 per acre. This evidence was competent insofar as it tended to disprove the taxpayer's allegation of discrimination. But on the issue of the fair cash value of one taxpayer's property, the value at which another taxpayer lists his property is irrelevant. If admitted, it would raise the collateral issue of whether the other taxpayer's valuation is correct.

The tax commissioner's objective in assessing mineral rights at the same figures for all taxpayers ($4 per acre for oil and gas and $5 per acre for coal) is laudable and proper provided (1) they actually have the same fair cash value and (2) the assessed value is correct. But is taxpayer A to be defeated on the question of what is the fair value by the mere fact that taxpayers B, C, D, E and F have accepted valuations which, if their properties are indeed comparable in value with his, he can prove incorrect? Surely not.

The discussion thus far assumes there was competent proof that the property listed by other mineral owners was comparable in value. Actually, the evidence in this respect was most unsatisfactory and unconvincing. To cite but one example, the tax commissioner admitted he did not know whether oil and gas rights on Troublesome and Carr's Fork were more valuable than those in Quicksand, yet he sought to assess them the same. At least one of the allegedly comparable properties was 12 miles away (by road). Although Mr. Evans, president of the taxpayer company, admitted he had listed other coal rights at $5 per acre and had tried to purchase a parcel some 3 or 4 miles from the land in question for $20 per acre, he denied that the properties were comparable.

To deny relief to a taxpayer with proof as conclusive as it was in this case would

amount simply to the vesting of arbitrary power in the taxing authority.

The findings of the Kentucky Tax Commission and the circuit court were clearly erroneous within the meaning of CR 52.01.

The judgment is reversed with directions to render one fixing the valuation for 1958 at $28,458.