■ In the Matter of Hilton Hotels Corporation, Respondent, v. Tax Commission of the City of New York, Appellant.— Final order entered on or about December 28, 1960, reducing the assessments for 1958–1959, 1959–1960, with respect to Lot 25, Block 1274, and reducing the assessments for 1953–1954, and through 1959–1960, with respect to Lot 56, Block 1274, unanimously reversed, on the law and on the facts, and the assessments for said years are reinstated and confirmed, with $50 costs and disbursements to the appellant. The property under review is the Plaza Hotel, located at West 59th Street, facing Fifth Avenue, and a small parcel adjoining to the west. We find that the petitioner has failed to support its claim that the assessments were excessive. (*People ex rel. Wallington Apts.* v. *Miller*, 288 N. Y. 31; *Matter of Staten Is. Edison Co.* v. *Moore*, 6 A D 2d 369, 375.) On the contrary the city's assessments are amply supported by the evidence. Proof of sales of comparable properties established that the land assessments did not exceed the value of the property. Taking into consideration the lease return, the fire insurance coverage of over $8,000,000 for the Plaza Hotel — an amount which is almost $4,000,000 over the 1959–1960 assessment — and considering the net return on this property after making due allowance for that portion attributable to operation, it is evident that the building assessment is quite within its value. The assessments on these properties have been reviewed over a period of years. The value of Lot 56 for the years 1950–1951, through 1952–1953, was judicially found to be $165,000. For the same years, 1950–1951, through 1952–1953 there was a judicial finding of land value, with respect to Lot 25 (Hotel Plaza), in the sum of $4,600,000. The history of sales of properties in the vicinity indicates that since 1953 there has been a sharp increase in land values. Indeed, the history of sales of the properties under consideration, in and of itself reflects such tremendous

increase. The Plaza property, together with furniture and fixtures, was sold in 1953 for $12,000,000. Again, in 1956 it was sold for $15,000,000. In 1958 the sale price was $21,000,000. The decision of Special Term did not properly reflect the trend of rising values. On the contrary, it reduced the assessment on Lot 56 to the sum of $150,000, which is approximately 10% below the assessed valuation as judicially found in 1953. There is no justification for such reduction. With respect to the Plaza Hotel property, the $200,000 increase over the $4,600,000 assessment for the land, as found in 1953, does not nearly reflect the rise in values as evidenced by the sales in the vicinity and the several sales of the property involved. In all, the comparative sales of property in the neighborhood, the several sales of the instant property, both of which indicate the rising trend of real estate values in the vicinity, the earnings from the instant property, amply support the assessed valuation. Consequently, the assessments for the years involved should be confirmed and reinstated. Settle order on notice. Concur — Eager, J. P., Steuer, Capozzoli, McGivern and Rabin, JJ.