■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DONALD R. CUNNINGHAM, Appellant.— Herlihy, P. J. Appeal from an order of the County Court of Washington County, entered March 17, 1969, which denied, after a hearing, defendant's application in the nature of a writ of error *coram nobis* to vacate a judgment of said court rendered October 21, 1965. This court previously reversed an order of the Washington County Court that denied petitioner's application for a writ of error *coram nobis* without a hearing and remanded the matter for such hearing (29 A D 2d 894). At the hearing on behalf of the People the District Attorney offered court records of both Rensselaer and Washington Counties which showed that at the time of entering a plea, the petitioner stated in open court that he had not received any promises which induced him to plead guilty in either county and that his plea was voluntary. A transcript of the testimony of the proceedings in Rensselaer County showed that at the time of entering his plea and again after a recess, the court explained in detail the rights of the petitioner and that he reiterated before the court that his plea was voluntary. The obligation of showing that his plea was induced by a promise was upon the petitioner and aside from his testimony, the only other testimony of consequence was given by his counsel James Riley. The pertinent part of that testimony was that the District Attorney of Rensselaer County called the Washington County District Attorney and that thereafter in the presence of the petitioner there was a conversation that a plea in Rensselaer County to the two charges would result in the indictments in Rensselaer and Washington County either being dropped or dismissed. There was no evidence that the Washington County District Attorney agreed to such procedure. After sentence in Rensselaer County on August 19, 1965 the court directed that before starting to serve the sentence the petitioner be delivered to Washington County — " the Washington County authorities want to deal with their case with respect to the defendant before he is taken in regard to my sentence to Dannemora ". The record further shows that on October 21, 1965 he was arraigned in Washington County Court, accompanied by a lawyer, and after being advised of his rights and being asked as to whether his plea was induced by promises or other considerations, he pleaded guilty. When he was thereafter sentenced in Washington County, if there was any misunderstanding or failure to fulfill any agreement, that was the time for the petitioner to complain and call it to the court's attention. The petitioner has not shown that the decision of the County Court was against the weight of evidence. To rebut the presumption of regularity, petitioner must submit not merely contrary evidence but "substantial contrary evidence ". (See *People ex rel. Wallington Apts.* v. *Miller*, 288 N. Y. 31, 33; *People* v. *Wolfson*, 9 A D 2d 940; *People* v. *Buck*, 25 A D 2d 474, cert. den. 384 U. S. 965.) Under the circumstances, the defendant has failed to sustain the burden of proof, and that being so, there is no duty on the part of the People to establish the contrary by calling witnesses. (*People* v. *Murphy*, 20 A D 2d 222, cert. den. 377 U. S. 971.) Order affirmed. Herlihy, P. J., Reynolds, Staley, Jr., and Cooke, JJ., concur in memorandum by Herlihy, P. J.