■ In the Matter of the MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Appellant-Respondent, v. TAX COMMISSION OF THE CITY OF NEW YORK, Respondents-Appellants.— Order entered July 24, 1968, modified on the law and the facts to reinstate and confirm the assessed valuation of the land at $1,650,000 for the tax year 1967–68, and otherwise affirmed without costs or disbursements. The city's expert's estimation of land value was supported by nine sales illustrative of a dramatically rising trend. His opinion was not offset by any proof to the contrary by petitioner-appellant, whose burden it was to prove such assessment erroneous (*Matter of Peterson* v. *Board of Assessors,* 25 A D 2d 797). In the circumstances, the comparatively modest increase by respondent-respondent commission of only 10% over a land value which had obtained since 1959 was well justified. Concur — Stevens, P. J., McGivern, Markewich and Nunez, JJ.; Eager, J., dissents in part in the following memorandum: I would modify the order appealed from so as to reinstate in all respects the assessments for the tax years involved in this proceeding. There is a presumption that the valuations placed on the property by the Tax Commission of the City of New York are neither erroneous nor excessive and the burden is upon the petitioner to show to the contrary. (*People ex rel. Wallington Apts.* v. *Miller,* 288 N. Y. 31; *Matter of Manufacturers Hanover Trust Co.* v. *Tax Comm. of City of N. Y.,* 31 A D 2d 606; *Matter of Hilton Hotels Corp.* v. *Tax Comm. of City of N. Y.,* 29 A D 2d 856). The petitioner has failed to demonstrate by substantial competent evidence that the property was overvalued. In fact, the proofs as to fair rental value and as to comparable sales fully support the assessed values. Certainly, there was no justification for the *de*

*minimis* reductions in the assessments as directed by the Referee. The reductions in all instances in the over $11 million assessments on the 25-story office building in Manhattan were less than 5%. Where the margin in a variation of the estimates in the valuation of an improved property such as this is so slim, clear and convincing evidence should be required to sustain the findings and conclusions of Special Term striking down the estimates of the Tax Commission. On the record, bearing in mind the comparatively slight differences in the estimates, no one can reasonably say who was right in his valuation, the Assessor or the Referee. Therefore, the assessments should stand. Settle order on notice.