**Marion COLLINS, Appellant,**

v.

**CASTLETON FARMS, INC. and Travelers Indemnity Company and Kentucky Workmen's Compensation Board, Appellees.**

Court of Appeals of Kentucky.

Sept. 16, 1977.

Discretionary Review Denied Feb. 13, 1978.

Robert S. Walker, III, Brown, Sledd & McCann, P.S.C., Lexington, for appellant.

Thomas M. Cooper, Landrum, Patterson & Dickey, Lexington, for appellees.

Before GANT, HAYES, and HOWERTON, JJ.

HAYES, Judge.

In an opinion and award dated February 9, 1976, the Workmen's Compensation Board held that appellant, Marion Collins, is 100% disabled and awarded him $50.60 per week for so long as he is disabled. This decision was appealed to the Fayette Circuit Court where it was reversed and remanded to the Board with directions to dismiss. On appeal to this court, appellant contends that there was substantial evidence to support the Board's award, and therefore, the order of the Circuit Court was in error. This court, however, does not agree and affirms that decision.

On December 18, 1973, appellant allegedly slipped and fell while working for the appellee, Castleton Farms, Inc. Appellant testified that he fell upon a concrete foundation and injured his back. Eventually, appellant was hospitalized with a severe sprain but was later released with permission to return to work. Appellant, however, returned to work for only four hours. Thereafter, appellant filed this claim with the Board.

The proof for appellant consisted of his testimony and that of three physicians. Appellant's treating physician stated that appellant had sustained a severe sprain but concluded that appellant had no permanent injury. The other two doctors testified as to possible neurological and psychological injuries although their determinations were based primarily upon statements made by appellant. To rebut this evidence, appellee, Castleton Farms, introduced testimony that appellant had done heavy labor during the time he stated he was disabled. In addition, there was testimony of two witnesses that appellant had planned his accident as a scheme to make money. This proof was uncontradicted.

In its opinion, the Board chose not to believe these two witnesses, although no reasoning was given. The Circuit Court in reversing this opinion, was impressed with the fact that this evidence was uncontradicted. The court concluded that this uncontradicted evidence and the evidence of heavy labor by appellant were sufficient to deny appellant's claim.

The sole issue on appeal is whether there was substantial evidence to support the decision of the Board. KRS 342.285(3) and *Armco Steel Corporation v. Mullins*, Ky., 501 S.W.2d 261 (1973). Appellant contends that the Circuit Court violated these guidelines by weighing the evidence and substituting its judgment for that of the Board.

■ When the Circuit Court placed emphasis upon the evidence put forward by the appellee, it was not weighing the evidence but merely determining the legal effect of this uncontradicted proof. In 3 A. Larson, *Workmen's Compensation Law* § 80.20 (9th ed. 1976) the author states the following:

> The Commission may even refuse to follow the uncontradicted evidence in the record, but when it does so, its reasons for rejecting the only evidence in the record should appear—e.g., that the testimony was inherently improbable, or so inconsistent as to be incredible, that the witness was interested, or that his testimony on the point at issue was impeached

by falsity in his statements on other matters. Unless some explanation is furnished for the disregard of all uncontradicted testimony in the record, the Commission may find its award reversed as arbitrary and unsupported.

The Board in this case did not state its reasons for rejecting the uncontradicted evidence put forward by appellee. The Circuit Court, therefore, applied the law of this state as regards uncontradicted evidence—*American Bridge Co. v. Reit*, 303 Ky. 795, 199 S.W.2d 447 (1947). This court can find no error in this determination.

■ Nevertheless, appellant states that he should have been given notice that appellee, Castleton Farms, intended to present an affirmative defense. This court, however, does not consider the evidence presented to be in the nature of an affirmative defense. Even if it were an affirmative defense, the issue was tried by implied consent of parties since appellant failed to object to the evidence presented by appellee. CR 15.02 and *Warren County Airport Board v. Long*, Ky., 364 S.W.2d 167 (1962).

Judgment affirmed.

All concur.