**JEFFERSON COUNTY PROPERTY VALUATION ADMINISTRATOR, Appellant,**

v.

**BEN SCHORE COMPANY, Kentucky Board of Tax Appeals, and The Kentucky Revenue Cabinet, Appellees.**

Court of Appeals of Kentucky.

Sept. 11, 1987.

James K. McCrorey, Asst. Jefferson Co. Atty., Louisville, for appellant.

John E. Evans, John S. Greenbaum, Norman W. Graham, Louisville, John C. Tobin, Legal Services Section, Revenue Cabinet, Frankfort, for appellees.

Before HAYES, McDONALD and WEST, JJ.

HAYES, Judge:

This appeal is from the trial court's judgment setting aside the 1983 real estate tax assessment of appellee Ben Schore Company's property. The Jefferson County Property Valuation Administrator (PVA) and the Kentucky Board of Tax Appeals (BTA) had assessed Schore's property, a shopping center located on Dixie Highway in Jefferson County, Kentucky, at $383,270. The trial court held the assessment was not based upon sufficient evidence, overturned the ruling of the PVA and BTA, and set the assessment at $75,000 on this 5.8 acres of land. PVA appeals to this Court claiming the trial court exceeded its scope of review under KRS 131.370 and that the decision of the BTA was proper.

We agree that the trial court certainly exceeded its authority by assessing the property at $75,000. By law that authority rests solely with the PVA. When the taxpayer appeals, the question on appeal is whether, under all the evidence, the taxpayer's claim was so strongly proved that a reasonable and fair-minded trier of the facts was compelled to find in the taxpayer's favor. *Evans Oil & Gas Co. v. Draughn,* Ky., 367 S.W.2d 453 (1963). Stated differently, the burden is upon the taxpayer to establish that the assessment was wrong, and if there is testimony of competent valuation witness/es in support of the assessment, even though conflicting, a finding adverse to the taxpayer cannot be set aside as clearly erroneous. With this in mind and being further aware that Section 172 of the Kentucky Constitution prohibits the assessment of real estate for tax purposes either below or above fair market value, we reverse the trial court's judgment and remand for reinstatement of the BTA's judgment.

The realty in question was purchased in 1965 by the Felwin Corporation [1] for $80,000. At the same time, the property was leased to the Louisville Holding Association, a partnership. The term of the lease was for 21 years with an option to renew for three consecutive 21–year terms—a total of 84 years—all at the same annual rental of $6,600. Mr. Ben Schore testified he is an officer and shareholder in the Felwin Corporation and a partner in the Louisville Housing Association, and was such in 1965.

Schore testified, using the income method of valuation, that the property was worth $75,000, basically because of the long-term lease on the property. And because of the lease, no other method of valuation would be proper.

The witness for the PVA, an employee of that office and a real estate broker since 1964, testified the PVA was unaware of the long-term lease on the taxpayer's property until the appeal to the BTA; therefore, it was not considered in making the assessment. He further testified that the property was assessed for $100,000 in 1981. In 1983 there was, at the Commonwealth's insistence, a reassessment of 19,000 parcels in Jefferson County by the PVA. These commercial properties were assessed in terms of square footage rather than acreage and the valuation of the property here was based upon the sales of all commercial properties along the Dixie Highway corridor where the taxpayer's property is located. The income method used by the taxpayer was not considered by the PVA. The comparable sales method was used.

First, the trial court exceeded its authority under KRS 131.370(3) when it chose to accept the income method of valuation urged upon it by the taxpayer and no one else. It is clear to us the question is not whether the income method is a better one than the comparable sales method, both of which are acceptable methods, but the question is whether the evidence supports the conclusion of the BTA on the valuation of the taxpayer's property at a fair market value regardless of what method is employed by the PVA in making the assessment. The burden was upon the taxpayer to prove the incorrectness of the assessment, *Evans Oil & Gas Co. v. Draughn, supra,* and this he failed to do.

It is our opinion that an assessment cannot be held invalid merely because of the method employed in making it, so long as the method is fairly designed for the purpose of reaching, and reasonably tends to reach, an approximation of the fair voluntary sale price.

*Fayette County Board of Supervisors v. O'Rear,* Ky., 275 S.W.2d 577, 579 (1955).

The taxpayer's primary complaint is that the long-term lease was not considered. KRS 132.220(3) provides that real estate or any interest therein shall be listed by the owner of the first freehold estate and shall be assessed *without* reference to

---

1. We are at a loss to understand the disappearance of Felwin Corporation as a party being replaced as the taxpayer by appellee, Ben Schore Company. We are unable to locate any evidence in this record that Ben Schore Company has any interest in this property. We will assume that company is the taxpayer because no issue has been raised to the contrary.

a conflicting title, if any. In view of the fact that the taxpayer here is basically both lessor and lessee, it was not error for the PVA to fail to consider the lease as having any effect upon the valuation of the freehold estate. It would have been an absolute distortion of the fair market value of this property if the PVA had used the method of valuation urged by the taxpayer which was based upon a lease entered upon in 1965 at a 1965 rate of income.

The judgment of the trial court, being erroneous, is reversed and this cause is remanded for a judgment reinstating the BTA's order fixing the assessment of the taxpayer's property as of January 1, 1983, at $383,270.

All concur.