# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: OCTOBER 23, 2014
NOT TO BE PUBLISHED

**Supreme Court of Kentucky**

FINAL

2013-SC-000514-WC

DATE 11-13-14 E. A Grouath pc

SCOTTSVILLE MANOR

APPELLANT

ON APPEAL FROM COURT OF APPEALS

V.                    CASE NO. 2012-CA-001630-WC
WORKERS' COMPENSATION NO. 05-01349

LORETTA BINION;
DR. KENNETH BARTHOLOMEW;
HONORABLE WILLIAM J. RUDLOFF,
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD                    APPELLEES

## MEMORANDUM OPINION OF THE COURT

## AFFIRMING

Appellant, Scottsville Manor, appeals from a Court of Appeals decision which upheld an Administrative Law Judge's ("ALJ") determination that certain medical treatments to be administered to Appellee, Loretta Binion, were reasonable and necessary. Scottsville Manor argues that the ALJ erred by so finding because medical evidence compelled a finding in its favor. For the below stated reasons, we affirm the Court of Appeals.

Binion worked as a nurse's aide for Scottville Manor. She suffered a work-related injury in 2004 when her left arm was caught and crushed under a cleaning cart. Binion had a stimulator placed in her spine and underwent two

revisions. Binion settled her workers' compensation claim with Scottsville Manor, reserving the right to future necessary medical treatments.

On June 28, 2011, Scottsville Manor filed a motion to reopen Binion's award arguing that a third stimulator revision, a cervical MRI, and prescribed fentanyl patches were not reasonable, necessary, and work-related treatment. To support the motion, Scottsville Manor cited to the opinion of Dr. Dennis O'Keefe who performed an independent medical evaluation on Binion. He believed that the third stimulator revision was unnecessary because Binion did not use her spinal cord stimulator often, the cervical MRI was not related to the work-related injury, and the fentanyl patches created a significant risk of her overdosing. In rebuttal, Binion testified that the stimulator revision and MRI were recommended by her doctor and his staff. Binion also testified she continued to suffer from severe pain. The ALJ requested that Binion provide additional evidence to support her testimony but there is nothing in the record to indicate she did.

After a review of the evidence, the ALJ "decline[d] to second guess the opinions" of Binion's treating physicians, and found the contested treatments to be reasonable and necessary.[1] The Board affirmed the findings that the spinal cord revision and fentanyl patches were reasonable and necessary, but vacated the portion of the ALJ's award finding that the cervical MRI was compensable. That issue is to be remanded for further findings of fact

---

[1] The ALJ found that the work-relatedness of the contested treatments was uncontested.

regarding the work-relatedness of the MRI. Scottsville Manor appealed to the Court of Appeals who affirmed the Board. This appeal followed.

The employer has the burden of proof when challenging the reasonableness and necessity of medical treatment in a post-award fee dispute. *Mitee Enterprises v. Yates*, 865 S.W.2d 654 (Ky. 1993). The ALJ, as fact-finder, has the sole authority to judge the weight, credibility, substance, and inferences to be drawn from the evidence. *A.K. Steel Corp. v. Adkins*, 253 S.W.3d 59, 64 (Ky. 2008). The ALJ may reject uncontroverted medical evidence if a sufficient explanation is provided for the rejection. *Collins v. Castleton Farms, Inc.*, 560 S.W.2d 830, 831 (Ky. App. 1977). Because Scottsville Manor was unsuccessful before the ALJ, the issue on appeal is whether the evidence compelled a result in its favor. *Wolf Creek Collieries v. Crum*, 673 S.W.2d 735, 736 (Ky. App. 1984).

Scottsville Manor argues that the ALJ erred by finding that the contested procedures[2] were reasonable and necessary. It contends that the ALJ improperly disregarded undisputed medical evidence from Dr. O'Keefe which supports its position. Scottsville Manor argues that the only evidence that the procedures were recommended by Binion's treating physician came from her testimony. However, a review of the records of her physician indicates that even though Binion does not use the spinal cord stimulator frequently, he did recommend the revision. He also recommended the fentanyl patches for pain

---

[2] Because the Board vacated and remanded the claim for the cervical MRI we decline to address any argument related to it in this opinion.

management. It is within the discretion of the ALJ to reject the opinion of Dr. O'Keefe and instead accept the opinion of Binion's treating physician. Additionally, the ALJ also found Binion's testimony regarding the pain she still experiences to be credible. The ALJ's finding that the recommended treatments are reasonable and necessary is supported by substantial evidence.

For the above stated reasons, we affirm the decision of the Court of Appeals.

Minton, C.J.; Abramson, Cunningham, Noble, Scott, and Venters, JJ., sitting. All concur. Keller, J., not sitting.

COUNSEL FOR APPELLANT,
SCOTTSVILLE MANOR:

Samuel J. Bach

COUNSEL FOR APPELLEE,
LORETTA BINION:

Loretta Binion, *pro se*

COUNSEL FOR APPELLEE,
DR. KENNETH BARTHOLOMEW:

Dr. Kenneth Bartholomew, *pro se*

4