RENDERED: AUGUST 14, 2020; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-000935-MR

KROGER LIMITED PARTNERSHIP I                APPELLANT

APPEAL FROM BOYLE CIRCUIT COURT
v.         HONORABLE DARREN W. PECKLER, JUDGE
ACTION NO. 18-CI-00393

BOYLE COUNTY PROPERTY VALUATION
ADMINISTRATOR AND LACRESHA GIBSON,
IN HER OFFICIAL CAPACITY AS BOYLE
COUNTY PROPERTY VALUATION
ADMINISTRATOR                           APPELLEES

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: MAZE, TAYLOR, AND K. THOMPSON, JUDGES.

MAZE, JUDGE: Kroger Limited Partnership I (Kroger) appeals from a final order of the Kentucky Claims Commission (the Commission) which upheld the assessment of Kroger's property by the Boyle County Property Valuation

Administrator (the PVA). We agree with Kroger that the Commission misapplied the statutory presumption of the validity of the PVA's assessment. Once Kroger presented competent evidence supporting a valuation different than the PVA's assessment, the burden of going forward shifted to the PVA to present evidence showing that its assessment was competent and reliable. In this case, the PVA relied only on hearsay testimony without any adequate foundation. We further conclude that the Commission failed to set forth any basis for rejecting the expert testimony offered by Kroger. Consequently, we conclude that the Commission clearly erred by adopting the PVA's assessment. Hence, we reverse the circuit court and remand for entry of a new final order adopting the assessment based on the evidence provided by Kroger.

The relevant facts of this matter are not in dispute. Kroger owns a 7.03-acre tract of land in Danville, Kentucky, on which it operates a supermarket. The property includes a 62,232-square-foot retail building built in 1999. Outside of the building, there is an asphalt parking lot for approximately 256 vehicles and a fuel station.

In 2010, the PVA assessed the value of the property at $3,580,000. In 2014, the PVA increased that assessment to $5,500,000. The PVA renewed its assessment of the property at $5,500,000 for the 2016 tax year. At that point, Kroger appealed the PVA's assessment to the Boyle County Board of Assessment

Appeals (the Board). The Board summarily affirmed the PVA's assessment on June 20, 2016, and Kroger appealed the Board's decision to the Commission.[1]

The matter was heard before a hearing officer on March 27, 2017. Kroger offered the expert testimony and appraisal report of A. Dwain Wheeler, a certified property appraiser. Wheeler employed two approaches to value the property: the sales comparison approach and the income approach. Using the sales comparison approach, Wheeler valued the property at $2,805,000. Using the income approach, Wheeler valued the property at $2,915,000. In reconciling the two approaches, Wheeler calculated the value of the property to be $2,850,000.

In response, the PVA presented the testimony of Eddie Tamme, who at the time was the elected Boyle County PVA.[2] Tamme testified that his office relied upon a February 7, 2014 summary report prepared by Ben Williams, an employee of the Kentucky Revenue Cabinet. Williams calculated the value of Kroger's property using the Marshall & Swift cost approach. Based upon the calculations set out in the report, the PVA reached its assessed value of Kroger's

---

[1] Prior to 2017, appeals from local assessment boards were taken to the Kentucky Board of Tax Appeals. On August 8, 2016, Governor Matt Bevin issued Executive Order 2016-576, which reorganized part of the Public Protection Cabinet to combine the Board of Claims, the Board of Tax Appeals, and the Crime Victims' Compensation Board to form the Kentucky Claims Commission. The General Assembly approved this reorganization through the passage of 2017 Kentucky Acts ch. 74. Effective June 29, 2017, the Commission has jurisdiction to "hear and determine appeals from final rulings, orders, and determinations of any agency of state or county government affecting revenue and taxation[.]" Kentucky Revised Statutes (KRS) 49.020(2).

[2] Lacresha Gibson succeeded Tamme as Boyle County PVA in December 2018.

property of $5,500,000. Tamme also submitted evidence of four sales of similar properties. However, Tamme testified that these sales were not offered as evidence of value but were used in reviewing evidence presented by Kroger at the Board hearing.

Following the hearing, the hearing officer concluded that Kroger satisfied its burden of proving a lower value than the amount assessed by the PVA. Consequently, the hearing officer recommended that the Board's ruling be reversed and the property assessed at a fair cash value of $2,850,000. On further review, the Commission rejected the hearing officer's proposed order and concluded that Kroger failed to carry its burden of showing that the PVA's assessment was erroneous. Consequently, the Commission upheld the PVA's assessment at $5,500,000.

Kroger then appealed from this final order to the Franklin Circuit Court. The circuit court reversed, noting that KRS[3] 13B.120 requires the Commission to include separate findings of fact and conclusions of law when its final order differs from the hearing officer's recommended order. Since the Commission failed to comply with that mandate, the circuit court remanded the matter for entry of sufficient findings of fact and conclusions of law.

---

[3] Kentucky Revised Statutes.

On remand, the Commission entered additional findings stating its reasons for rejecting the hearing officer's recommended order. The Commission found that the hearing officer failed to apply the presumption of validity to the PVA's assessment. The Commission took the position that Kroger had the duty to rebut the presumption of validity by proving that the methodology was incorrect, that the application of that methodology was not performed accurately, or otherwise establish that the assessor made an error. The Commission concluded that Kroger failed to carry that burden and merely offered alternative evidence of value. Consequently, the Commission again upheld the PVA's assessment at $5,500,000.

In Kroger's second appeal, the circuit court affirmed the Commission. The circuit court agreed with Kroger that the Commission misapplied the presumption of validity. Nevertheless, the court found that the Commission has broad discretion to judge the weight and credibility of competing assessments. While the circuit court conceded that it might have reached a different result based on the same evidence, the court found that the Commission's assessment of the evidence was not clearly erroneous. Kroger now appeals to this Court.

KRS 13B.150(2) sets forth the standard of review from a final order of an administrative agency as follows:

> The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of

-5-

fact. The court may affirm the final order or it may reverse the final order, in whole or in part, and remand the case for further proceedings if it finds the agency's final order is:

(a) In violation of constitutional or statutory provisions;

(b) In excess of the statutory authority of the agency;

(c) Without support of substantial evidence on the whole record;

(d) Arbitrary, capricious, or characterized by abuse of discretion;

(e) Based on an ex parte communication which substantially prejudiced the rights of any party and likely affected the outcome of the hearing;

(f) Prejudiced by a failure of the person conducting a proceeding to be disqualified pursuant to KRS 13B.040(2); or

(g) Deficient as otherwise provided by law.

Under KRS 13B.150(2), a reviewing court does not perform a *de novo* review of the agency's decision, except as to pure legal issues. With respect to factual disputes, the reviewing court must uphold the agency's decision if there was substantial evidence of probative value upon which the agency could base its decision and the agency applied the correct rule of law to the facts before it. *Kentucky Unemployment Ins. Comm'n v. Murphy*, 539 S.W.2d 293, 294 (Ky. 1976). "'[S]ubstantial evidence' means evidence of substance and relevant consequence having the fitness to induce conviction in the minds of reasonable

-6-

men." *Owens-Corning Fiberglas Corp. v. Golightly*, 976 S.W.2d 409, 414 (Ky. 1998) (citations omitted).

Kroger again argues that the Commission misapplied the statutory presumption of validity of the PVA's assessment. KRS 49.220(5) provides that "[t]he assessed value shall be prima facie evidence of the value at which the property should be assessed." The Kentucky Supreme Court has interpreted this provision as granting a presumption of validity to the estimated property tax assessment and placing the burden of establishing that the assessment was incorrect on the taxpayer. *Revenue Cabinet, Commonwealth of Ky. v. Gillig*, 957 S.W.2d 206, 209-10 (Ky. 1997).

Kroger notes, however, this presumption is not evidence, but it "serves in place of evidence until the opposing party comes forward with his proof, whereat it disappears. It has no weight as evidence and is never to be considered in weighing evidence." *Evans Oil & Gas Co. v. Draughn*, 367 S.W.2d 453, 454 (Ky. 1963) (quoting *People ex rel. Wallington Apartments v. Miller*, 288 N.Y. 31, 33, 41 N.E.2d 445, 446 (1942)). In light of this authority, Kroger argues that, once it presented its evidence supporting a contrary value, the presumption of validity disappeared and the PVA had the burden of presenting competent evidence supporting its valuation.

We agree with the circuit court that the Commission applied an incorrect standard to the statutory presumption of validity. As with any evidentiary presumption, the PVA's valuation must be presumed correct unless rebutted by competent evidence. Once Kroger presented such evidence, the presumption disappeared. In this case, Kroger not only presented evidence supporting a contrary value, but also presented evidence which cast doubt on the assumptions relied upon in the PVA's assessment.

We conclude that this evidence was sufficient to rebut the statutory presumption of the validity of the PVA's assessment. Nevertheless, Kroger retained the ultimate burden of proof and risk of non-persuasion to establish the value of the property. As long as the PVA relied upon a properly supported valuation, the Commission was not obligated to accept the valuation provided by Kroger's expert.

Kroger contends that the hearsay evidence relied upon by the PVA was neither competent nor admissible to support the value asserted. KRS 49.220(5) expressly establishes the PVA's assessment as "prima facie evidence of the value at which the property should be assessed." "Prima facie evidence . . . means evidence which if unrebutted or unexplained is sufficient to maintain the proposition, and warrant the conclusion to support which it has been introduced but it does not shift the general burden of proof, and stands only until the contrary is

shown." *Prudential Ins. Co. of Am. v. Tuggle's Adm'r*, 254 Ky. 814, 72 S.W.2d 440, 443 (1934) (citation omitted). *See also* BLACK'S LAW DICTIONARY (11th ed. 2019) (defining "prima facie evidence" as "[e]vidence that will establish a fact or sustain a judgment unless contradictory evidence is produced"). Kroger argues that the PVA had the burden of going forward with evidence showing that its assessment was competent and otherwise reliable. In the absence of any competent evidence supporting the PVA's valuation, Kroger asserts that the Commission was not authorized to reject its unrebutted expert testimony regarding the property's value.

In presiding over an administrative hearing, the fact-finder is permitted to accept hearsay evidence which is reliable, but which would not be admissible in court. *See* KRS 13B.090(1). However, "hearsay evidence alone is not sufficient in itself to support an agency's findings of fact unless it would be admissible over objections in civil actions." *Mollette v. Kentucky Pers. Bd.*, 997 S.W.2d 492, 495 (Ky. App. 1999) (citing KRS 13B.090(1)). "[W]hen the time comes to make a factual determination, the residuum rule requires the fact-finder to base a decision on only the competent evidence[.]" *Drummond v. Todd Cty. Bd. of Educ.*, 349 S.W.3d 316, 321 (Ky. App. 2011).

In this case, the PVA's only evidence was the summary report prepared by an individual in the Revenue Cabinet. Tamme was not qualified as an

expert witness. Tamme was able to say that the assessment was reached using the Marshall & Swift cost approach. But he had no personal knowledge how that methodology was applied. Indeed, Tamme admitted that Williams was responsible for all the "judgment calls" underlying the calculations. Tamme testified that he conducted some independent research on comparable sales, which was consistent with the value stated in the summary report. But as discussed above, the PVA did not rely on those sales as evidence of value.

We agree with Kroger that the PVA failed to carry its burden of going forward with evidence to establish its valuation of Kroger's property was competent and reliable. There was no evidence that the cost summary would have been admissible under any exception to the hearsay rule. And in the absence of expert testimony by the individual who prepared the Marshall & Swift cost approach, the assessment was not subject to any meaningful cross-examination. Rather, the Commission relied solely upon the presumption of validity set forth in KRS 49.220(5).

We again recognize that Kroger bore the ultimate burden of proof and risk of non-persuasion to establish that the assessed value of its property was incorrect. The "substantial evidence" test concerns the weight of evidence necessary to support a finding for the party with the burden of proof on a factual issue. *See Special Fund v. Francis*, 708 S.W.2d 641, 643 (Ky. 1986). In

administrative proceedings where the burden of proof is on the party seeking relief, the fact-finder may refuse to accept even uncontradicted evidence in the record. But in such cases, the fact-finder must state its reasons for rejecting the only evidence in the record; *e.g.*, that the testimony was inherently improbable, or so inconsistent as to be incredible, that the witness was interested, or that his testimony on the point at issue was impeached by falsity in his statements on other matters. *Collins v. Castleton Farms, Inc.*, 560 S.W.2d 830, 831 (Ky. App. 1977). In the absence of some explanation furnished for the disregard of all uncontradicted testimony in the record, the fact-finder's conclusions will be reversed as arbitrary and unsupported. *Id. See also Franklin Ins. Agency, Inc. v. Simpson*, Nos. 2007-SC-000748-WC and 2007-SC-000914-WC, 2008 WL 5051613 (Ky. Nov. 26, 2008).

In this case, the Commission did not set forth any significant reasons for rejecting the valuation offered by Kroger's expert. The Commission only stated that Wheeler's testimony failed to establish that the valuation provided by the PVA was incorrect. The Commission did not state any reasons for finding Wheeler's testimony or conclusions to be unsupported. Without a sufficient foundation to support the PVA's valuation or stated basis to reject Wheeler's valuation, there was no admissible evidence to support any valuation other than

Kroger's. Therefore, we must conclude that the Commission clearly erred by rejecting that evidence and adopting the valuation provided by the PVA.

Accordingly, we reverse the order of the Boyle Circuit Court affirming the final order of the Kentucky Claims Commission entered on September 25, 2018. This matter is remanded to the circuit court with directions to enter an order directing the Commission to enter an order assessing the real property at a fair cash value of $2,850,000 as of January 1, 2016.

ALL CONCUR.


BRIEFS AND ORAL ARGUMENT
FOR APPELLANT:

J.B. Lind
Wesley R. Abrams
Cincinnati, Ohio

BRIEF AND ORAL ARGUMENT
FOR APPELLEES:

Stephen A. Dexter
Danville, Kentucky